IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILFREDO CANALES,<br>4910 Fran Place, Apt. T2<br>Alexandria, VA  22312<br><br>and<br><br>MARIA RIVERA<br>4910 Fran Place, Apt. T2<br>Alexandria, VA  22312<br><br>       Plaintiffs,<br><br>       v.<br><br>A.H.R.E., INC.,<br>8380 Greensboro Drive, #617<br>McLean, VA  22102,<br><br>DDI CONSTRUCTION COMPANY<br>Address Unknown,<br><br>SEONG KUN CHONG,<br>5914 Heritage Square Drive<br>Burke, VA  22015,<br><br>       and<br><br>JOHN DOES 1 and 2,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No.**<br>_____<br><br>**Calendar No.** _____ |

## **COMPLAINT**

Preliminary Statement

This is a civil action brought by Wilfredo Canales and Maria Rivera, former employees of Defendants A.H.R.E., Inc., DDI Construction Company, Seong Kun Chong, and

John Doe Defendants 1 and 2, who worked for Defendants from May 2006 to June 2006. During their employment, Defendants failed to pay Mr. Canales and Ms. Rivera minimum wage, overtime, and the promised wages for the labor and services rendered.

Mr. Canales and Ms. Rivera seek actual, statutory and liquidated damages, attorneys' fees, costs of this action, and other appropriate relief, pursuant to the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §§ 201 et seq. (hereinafter "FLSA"), the District of Columbia Minimum Wage Revision Act of 1992, D.C. Code §§ 32-1002 et seq. (hereinafter "D.C. Wage and Hour Law"), and the District of Columbia protection ensuring payment of wages, D.C. Code §§ 32-1301 et seq. (hereinafter "D.C. Wage Payment Law").

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 because this action arises under the laws of the United States and the Acts of Congress regulating commerce.

2. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the wrongful conduct committed by Defendants, which forms the basis of this action, took place within this judicial district.

## PARTIES

4. Plaintiff Wilfredo Canales ("Mr. Canales") is an adult resident of the State of Virginia. Mr. Canales was employed by Defendants as a laborer in Washington, DC from mid-

May 2006 through mid-June 2006.

5. Plaintiff Maria Rivera ("Ms. Rivera") is an adult resident of the State of Virginia. Ms. Rivera was employed by Defendants as a laborer in Washington, DC from late May 2006 through mid-June 2006.

6. Throughout their employment with Defendants, both Plaintiffs were "non-exempt" employees for purposes of FLSA, the D.C. Wage and Hour Law, and the D.C. Wage Payment Law. Accordingly, Plaintiffs were entitled to receive compensation for employment in excess of 40 hours per week at a rate not less than 1.5 times each employee's regular hourly rate.

7. Defendant A.H.R.E., Inc. ("A.H.R.E.") is a corporation doing business in the District of Columbia.

8. Defendant DDI Construction Company ("DDI") is, upon information and belief, a corporation doing business in the District of Columbia.

9. Defendant Seong Kun Chong ("Defendant Chong") is a natural person doing business in the District of Columbia.

10. The true names and capacities of John Doe Defendants 1 and 2, whether individual, corporate, associate, representative, or otherwise, are unknown to Plaintiffs at this time, and they are therefore sued by such fictitious names. Upon information and belief, John Doe Defendants 1 and 2 are employed by A.H.R.E. and/or DDI. At all times relevant to this case, John Doe Defendants 1 and 2 were acting within the scope of their employment with A.H.R.E. and/or DDI. John Doe Defendants 1 and 2 are each being sued in their individual capacities. Plaintiffs will amend this Complaint to allege the true names and capacities of John Doe Defendants 1 and 2 when Plaintiffs know them. As Plaintiffs' employers, John Doe Defendants 1 and 2 are legally responsible for the violations of law alleged herein.

11. Upon information and belief, during the time relevant to this action, each Defendant was an employer or joint employer of each Plaintiff as defined by the laws sued hereunder in that each Defendant, or its agent, held or implemented the power to control the Plaintiffs' work schedule and work location, to assign job tasks, to supervise each Plaintiff's job performance, and received the benefit of Plaintiffs' labor. In addition, each Defendant was perceived by the Plaintiffs to be their employer.

## FACTS GIVING RISE TO PLAINTIFFS' CAUSES OF ACTION

### Plaintiff Wilfredo Canales

12. On or about May 15, 2006, Defendants, through their agent Defendant Chong, recruited Mr. Canales from a popular day labor hiring site in Annandale, Virginia.

13. During this recruitment process, Defendant Chong offered to employ Mr. Canales to perform remodeling work including drywall finishing and painting. Defendant Chong offered to pay Mr. Canales $10.00 per hour for this work. Based on Mr. Canales's regular rate, the applicable overtime rate would be $15 per hour.

14. Mr. Canales accepted Defendant Chong's offer, forming an employment contract between Mr. Canales and Defendants.

15. Beginning on or about May 15, 2006, Defendant Chong transported Mr. Canales to the Embassy of Trinidad and Tobago ("Embassy"), located at 1708 Massachusetts Avenue, N.W., Washington, DC 20036, where Mr. Canales received an identification badge with his photograph and the A.H.R.E. Inc. logo. The badge also indicated that Mr. Canales was engaged in "Project Work in Embassy of Trinidad & Tobago" for the subcontractor company, DDI Construction Co. Mr. Canales also received a T-shirt with the A.H.R.E. Inc. logo on it.

16.     Defendants directly and indirectly supervised Mr. Canales's work at the Embassy and communicated instructions to Mr. Canales.

17.     Mr. Canales generally worked at the Embassy from at least 9 a.m. until at least 6 p.m. on Mondays through Saturdays. As required by the Embassy, Mr. Canales signed in and out upon his arrival and departure.

18.     In addition to Mr. Canales's work at the Embassy, he was also transported to private homes in Virginia on Sundays, where he worked from at least 9 a.m. until at least 8 p.m. Occasionally, Mr. Canales would leave the Embassy in the afternoon to work at these private homes. At Defendants' direction, Mr. Canales also worked with Defendant Chong once at a hotel in Baltimore, Maryland until at least 11 p.m. after leaving the Embassy in the afternoon. Each instance, Defendant Chong drove Mr. Canales to these worksites. Mr. Canales spent approximately two hours per day in transit to and from these worksites.

19.     Mr. Canales received $100 in cash at the end of each workday for the first three days of labor and services rendered on behalf of Defendants.

20.     On or about May 17, 2006, Defendant Chong informed Mr. Canales that instead of paying Mr. Canales at the end of every workday, he would pay him once per week on Saturdays. Mr. Canales agreed to this new payment arrangement.

**Plaintiff Maria Rivera**

21.     On or about May 22, 2006, Defendant Chong asked Mr. Canales to find more day laborers to work at the Embassy. One of the laborers that Mr. Canales found was Ms. Rivera.

22.     Defendant Chong offered to employ Ms. Rivera for $8 per hour to stain wood at the Embassy. Based on Ms. Rivera's regular rate, the applicable overtime rate would be $12 per hour.

23.     Ms. Rivera accepted Defendant Chong's offer, forming an employment contract between Ms. Rivera and Defendants.

24.     Beginning on or about May 22, 2006, Ms. Rivera performed work for Defendants at the Embassy in Washington, DC. This work included staining wood and painting.

25.     Ms. Rivera generally worked at the Embassy from at least 9 a.m. until at least 6 p.m. on Mondays through Saturdays. As required by the Embassy, Ms. Rivera signed in and out upon her arrival and departure.

26.     Defendants directly and indirectly supervised and communicated instructions to Ms. Rivera while working at the Embassy.

27.     On May 27, 2006, Mr. Canales received $500 in cash for the labor and services he rendered on behalf of Defendants. On the same day, Ms. Rivera received $420 in cash for the labor and services she rendered on behalf of Defendants.

28.     On or about June 3, 2006, Defendant Chong informed Plaintiffs that "the company" did not pay him, so he did not have the money to pay Mr. Canales or Ms. Rivera for the labor and services they rendered after May 27, 2006. Defendant Chong offered to pay Mr. Canales and Ms. Rivera the following Monday, June 5, 2006. When Defendant Chong failed to pay Mr. Canales and Ms. Rivera that day, he offered to pay them on Wednesday, June 7, 2006. As of June 10, 2006, Mr. Canales and Ms. Rivera still had not been paid for their work since May 27, 2006. These earned wages amounted to at least $2,755 for Mr. Canales and at least $1,044 for Ms. Rivera, which, to date, the Defendants have failed and refused to pay in full despite repeated requests to do so.

29.     Mr. Canales and Ms. Rivera ceased working at the Embassy as of June 10, 2006.

30.     On or about June 10, 2006, Plaintiffs received a check postdated June 17, 2006 for $2,000 from Defendant Chong, as payment for their earned wages, drawn on his Woori America Bank account and signed by Defendant Chong. Plaintiffs attempted to cash the check from Defendant Chong but were unable to do so because of insufficient funds in Defendant Chong's account.

31.     After June 10, 2006, Mr. Canales repeatedly called Defendant Chong to demand payment for his and Ms. Rivera's earned wages.

32.     Over one month later, on or about July 11, 2006, Mr. Canales returned to the Embassy to ask for their earned wages after explaining to Defendants that the $2,000 check they had received lacked sufficient funds. Mr. Canales and Ms. Rivera then received two new checks:

    a.     <u>Check #1</u>: Plaintiffs received a $500 check from John Doe Defendant, drawn on his personal bank account and signed by him.

    b.     <u>Check #2</u>: Plaintiffs received another postdated check, dated July 17, 2006, for $1,500 from Defendant Chong, drawn on his Woori America Bank account and signed by Defendant Chong.

33.     The $1,500 check from Defendant Chong was, again, returned unpaid with the notation that payment had been refused due to insufficient funds in Defendant Chong's account.

34.     To date, the Defendants have failed and refused to replace the dishonored check or to otherwise pay Plaintiffs' earned wages.

35.     Defendants failed to pay Plaintiffs for hours worked and for hours in excess of 40 per week, at a rate of 1.5 times their normal rates. Assuming that John Doe Defendant's $500 check was intended to be divided evenly between Mr. Canales and Ms. Rivera, Mr. Canales is

owed wages in the amount of at least $2,505. Ms. Rivera is owed wages in the amount of at least $794.

36. In performing their duties on Defendants' behalf, Plaintiffs handled goods that had been produced for and transported in commerce.

37. More than two weeks have passed since Plaintiffs earned their wages and their employment by Defendants terminated.

38. Defendants' acts and omissions as described in this Complaint are willful, unreasonable, intentional, and not the result of a bona fide dispute.

## Count I

## FLSA

39. Plaintiffs reallege and incorporate by reference the allegations set forth in Paragraphs 1 to 38 of the Complaint.

40. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of FLSA, as amended and have been entitled to the rights, protections, and benefits provided under FLSA.

41. Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA.

42. Defendants violated FLSA, 29 U.S.C. § 206, by failing to pay each Plaintiff at least the minimum wage for every hour worked.

43. At all times relevant to this action, Plaintiffs worked in excess of the hourly levels specified in FLSA, 29 U.S.C. § 207. Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiffs an overtime compensation rate of at least 1.5 times their regular rate of pay for every hour worked in excess of 40 hours per week.

44. Defendants did not reasonably believe that their acts or omissions were not in violation of FLSA.

45. The employment and work records for Plaintiffs are in the exclusive possession, custody, and control of Defendants, and Plaintiffs are unable to state at this time the exact amounts due and owing to each of them. Defendants are under an obligation imposed by FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amounts of Defendants' liability under FLSA can be ascertained.

## Count II

## D.C. Wage and Hour Law

46. Plaintiffs reallege and incorporate by reference the allegations set forth in Paragraphs 1 to 45 of the Complaint.

47. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the D.C. Wage and Hour Law, as amended and have been entitled to the rights, protections, and benefits provided under the D.C. Wage and Hour Law.

48. Defendants violated the D.C. Wage and Hour Law, D.C. Code § 32-1003(a)(2), by failing to pay each Plaintiff at least the minimum wage for every hour worked.

49. At all times relevant to this action, Plaintiffs worked in excess of the hourly levels specified in the D.C. Wage and Hour Law, D.C. Code § 32-1003(c). Defendants violated D.C. Code § 32-1003(c) by failing to pay Plaintiffs an overtime compensation rate of at least 1.5 times their regular rate of pay for every hour worked in excess of 40 hours per week.

50. Defendants did not reasonably believe that their acts or omissions were not in violation of the D.C. Wage and Hour Law.

## Count III

## D.C. Wage Payment Law

51. Plaintiffs reallege and incorporate by reference the allegations set forth in Paragraphs 1 to 50 of the Complaint.

52. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the D.C. Wage Payment Law, as amended and have been entitled to the rights, protections, and benefits provided under the D.C. Wage Payment Law.

53. Defendants violated D.C. Code § 32-1302 in that they did not pay Mr. Canales the agreed-upon wage of $10 per hour, and Ms. Rivera the agreed-upon wage of $8 per hour, for every hour worked.

54. Defendants also violated D.C. Code §32-1302 in that they failed to pay Plaintiffs with checks that were payable upon demand by the bank upon which drawn.

55. Defendants violated D.C. Code § 32-1303 in that they failed to pay Plaintiffs all wages due within one working day of their discharge.

56. Defendants' refusal to pay wages in compliance with D.C. Code §§ 32-1302 and 32-1303 was willful within the meaning of that law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray this Court enter an order, jointly and severally against all Defendants:

1. Granting judgment in favor of Plaintiffs against Defendants for nonpayment of minimum wage under Counts I and II and awarding Plaintiffs their unpaid minimum

wages and an equal amount in liquidated damages as authorized by 29 U.S.C. § 216 and D.C. Code § 32-1303;

2. Granting judgment in favor of Plaintiffs against Defendants for nonpayment of overtime under Counts I and II and awarding Plaintiffs the unpaid overtime and an additional amount as liquidated damages as authorized by 29 U.S.C. § 207 and D.C. Code § 32-1303;

3. Granting judgment in favor of Plaintiffs against Defendants for nonpayment of promised wages under Count III and awarding Plaintiffs their unpaid wages;

4. Granting judgment in favor of Plaintiffs against Defendants for nonpayment of all wages earned within one working day under Count III and awarding Plaintiffs ten percent of the wages for each working day that the wages were not paid up to one hundred percent of the wages;

5. Awarding Plaintiff Canales at least $5,010 and Plaintiff Rivera at least $1,588 in unpaid wages and liquidated damages, or an amount as determined during trial;

6. Awarding Plaintiffs the costs of this action under Counts I, II, and III;

7. Awarding counsel reasonable attorneys' fees under Counts I, II, and III; and

8. Granting such further relief as this Court deems just and equitable.

## PRAYER FOR JURY TRIAL

WHEREFORE Plaintiffs pray a trial by jury on all allegations contained herein.

Respectfully submitted,

By: *Katherine Leong*

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Thomas G. Hentoff
(D.C. Bar No. 438394)
Katherine Leong
(D.C. Bar No. 492457)


and

WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 319-1000
Facsimile: (202) 319-1010

Susan E. Huhta
(D.C. Bar No. 453478)
Laura Varela
(*pro hac vice* motion pending)

Dated: February 21, 2007

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

### I (a) PLAINTIFFS
Wilfredo Canales and Maria Rivera

### DEFENDANTS
A.H.R.E., Inc., DDI Construction Company, Seong Kun Chong, and John Doe Defendants 1 and 2

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES. USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

ATTORNEYS (IF KNOWN)
Unknown

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ⊙ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 U.S.C. ss 201 et seq. - Violations of Fair Labor Standards Act

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 6,598   Check YES only if demanded in complaint   JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒   If yes, please complete related case form.

DATE 2/21/07   SIGNATURE OF ATTORNEY OF RECORD *Katherine Leong*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

  I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

  III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

  IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

  VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

  VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.