IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

WILFREDO CANALES )
)
And )
)
MARIA RIVERA )
)
       Plaintiffs, ) Case Number: 1:07CV00372
Vs. )
)
A.H.R.E., INC., et al )
1002 Heather Hill CT )
Mclean, VA 22101 )
)
       Defendant, )

**DEFENDANT A.H.R.E.' INC. MOTION TO SET ASIDE DEFAULT JUDGEMENT**

Defendant, A.H.R.E., Inc., by and through its attorney, Kamal Nawash, motions this Honorable Court per Rules 55(c) and 60 (b) to Set Aside the order of Default Judgment that was entered on behalf of Plaintiffs on October 17, 2007.

## Background

1. On February 21, 2007, Plaintiffs filed a frivolous lawsuit alleging that A.H.R.E., Inc. violated the Fair Labor Standards Act of 1938 and the District of Columbia Minimum Wage revision Act of 1992.

2. Defendant A.H.R.E., Inc. and its agents have never met Plaintiffs, have never employed them and have never had any contact or contract with the Plaintiffs.

3. A.H.R.E., Inc. is a small family owned remodeling business that was hired by the Embassy of Trinidad and Tobago to do remodeling work at the embassy.

4. A.H.R.E., Inc. hired a subcontractor, Defendant Seong Chong, to perform various tasks including painting. A.H.R.E., Inc. met all its obligations to the subcontractor by making all payments in full and on time.

5. At some point after the contract with the embassy was completed the Plaintiffs sued their employer, defendant Seong Chong and several Defendants, including A.H.R.E., Inc.

6. A.H.R.E., Inc. is owned by Mrs. Helen Kim. Upon learning of the lawsuit, Mrs. Kim informed her husband, Albert Kim, who is a simple man with limited English comprehension.

7. Mr. Kim naively thought that he can resolve the lawsuit by contacting Plaintiffs' attorney, Katherine Leong and informing her that the Plaintiffs sued the wrong Defendant because A.H.R.E., Inc. has never employed the Plaintiffs, and never contracted with the Plaintiffs.

8. According A.H.R.E., Inc., attorney Katherine Leong requested that A.H.R.E., Inc. send her proof that full payment was made to Defendant Seong Chong.

9. A.H.R.E., Inc. followed the instructions of Plaintiffs attorney Katherine Leong by sending her the requested proof. (See exhibit 1). After sending the requested proof, A.H.R.E., Inc. thought that it would be dropped from the lawsuit and took no further action.

10. Since the initial contact with attorney Katherine Leong, A.H.R.E., Inc. has NOT received any communications, pleadings or notices of any kind from the Plaintiffs, including Plaintiffs' motion for default judgment.

11. Defendant A.H.R.E., Inc. did not hear from the Plaintiffs until they attempted to domesticate their default judgment in Virginia.

**Argument**

I. **THIS HONORABLE COURT SHOULD SET ASIDE THE OCTOBER 17, 2007 ORDER OF DEFAULT JUDGMENT.**

It is the policy of the federal courts to adjudicate cases on the merit and to reject requests for default where the party against whom the default is sought is ready, willing and able to defend a case. This policy is clearly codified in FRCP 55(c) and FRCP 60(b).

The Plaintiffs in this case filed a motion for default judgment on July 13, 2007. Defendants A.H.R.E., Inc. did NOT receive notice of Plaintiffs' motion and consequently did not respond to the motion which resulted in an order of default judgment.

It should be noted that this Honorable Court also issued an order of default judgment against Defendant Seong Chong, which leads one to wonder whether Defendant Chong received proper notice of the motion for default judgment.

According to F.R. Civ.P 55(c), this Honorable Court can set aside an entry of default for good cause and if a judgment of default has been entered, this Honorable Court can set aside judgment in accordance with Rule 60(b). F.R. Civ.P 60(b) reads in part:

*"(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.*
*On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:*
*(1) mistake, inadvertence, surprise, or excusable neglect; ...*
*(3) fraud (whether previously called intrinsic or extrinsic), ...*
*(6) any other reason that justifies relief.*

Both Rules 55(c) and 60(b) make clear that default judgments are undesirable when the party against whom the default is sought is ready, willing and able to defend a case.

This is a case where Defendant A.H.R.E., Inc. would have easily been victorious if the case was defended on the merit. A.H.R.E., Inc. did NOT neglect Plaintiffs' lawsuit.

The owners of A.H.R.E., Inc. mistakenly believed that their discussions with Plaintiffs' attorney resolved outstanding issues with Plaintiffs. Consequently, A.H.R.E., Inc. did not retain a lawyer. The family that owns A.H.R.E., Inc. was shocked when they finally learned that an order of default judgment was issued against their company. Had they received notice of the motion for default judgment they would have hired a lawyer and successfully defended against Plaintiffs' lawsuit.

A.H.R.E., Inc. would have succeeded in defending against Plaintiffs' lawsuit because there is no contract between the parties, whether express or implied, that confers rights or imposes obligations arising under it. There was absolutely no relationship between Defendant A.H.R.E., Inc. and Plaintiffs. Defendant A.H.R.E., Inc. did not know the Plaintiffs, did not have a contract with Plaintiffs and never employed the Plaintiffs. The Plaintiffs appear to have been employed by Defendant Seong Chong. There is no privity of contract between the Plaintiffs and Defendant A.H.R.E., Inc. Defendant A.H.R.E., Inc. is willing and able to defend against Plaintiffs' lawsuit. The family that owns A.H.R.E., Inc. knows that they were naive in interpreting their communications with Plaintiffs' counsel as having resolved the lawsuit and they prey that this Honorable Court set aside the order of default judgment so that they can defend on the merit.

Respectfully submitted,

/x/_____
Kamal Nawash, Esq. (DC Bar#: 458755)
THE Nawash Law Office
1050 17th St. NW Suite 1 000
Washington, DC 20036
202-776-7191
Attorney for Defendant

## Local Rule 7 (m) Certification

I hereby certify that on June 24, 2008, I contacted, by telephone, opposing counsel, Ms. Katherine Leong, Esquire, in a good-faith effort to determine whether there is any opposition to the relief sought in Defendant's Motion to Set Aside Judgment and, if there is opposition, to narrow the areas of disagreement. Attorney Leong did not consent.

Respectfully submitted,

/x/_____
Kamal Nawash, Esq. (DC Bar#: 458755)
THE Nawash Law Office
1050 17th St. NW Suite 1 000
Washington, DC 20036
202-776-7191
Attorney for Defendant A.H.R.E., Inc.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| WILFREDO CANALES <br> And <br><br> MARIA RIVERA <br>           Plaintiffs, <br><br> Vs. <br><br> A.H.R.E., INC., et al <br> 1002 Heather Hill CT <br> Mclean, VA 22101 <br>           Defendant, | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case Number: 1:07CV00372 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING DEFENDANT A.H.R.E., INC.'S MOTION TO SET ASIDE THIS HONRABLE COURT'S ORDER FOR DEFAULT JUDGMENT AGAINST A.H.R.E., INC.**

Upon consideration of Defendant A.H.R.E., INC.'s motion to Set Aside this Honorable Court's October 17, 2008 Order of Default Judgment against A.H.R.E., Inc., it is this _____ day of _____, 2008, by the United States District Court for the District of Columbia,

**ORDERED**, that Defendant's motion to Set Aside the October 17, 2008 default judgment against A.H.R.E, Inc. is **GRANTED** ____;

_____              _____
Date                                                                        COLLEEN KOLLAR-KOTELLY
                                                                                      United States District Judge

cc:

| | |
|---|---|
| Ms. Katherine Leong (492457) <br> WILLIAMS 7 CONNOLLOY LLP <br> 725 Twelfth St. NW <br> Washington DC 20005 <br> (202) 434-5000 <br> (202) 434-5029 (fax) <br> Attorney for Plaintiffs | Kamal Nawash (#458755) <br> THE NAWASH LAW OFFICE <br> 1050 17th Street, N.W., Suite 1000 <br> Washington, DC 20036 <br> (202) 776-7191 (voice) <br> (202) 728-1196 (fax) <br> Attorney for A.H.R.E., Inc. |

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| WILFREDO CANALES )<br>)<br>And )<br>)<br>MARIA RIVERA )<br>)<br>        Plaintiffs )<br>Vs. )<br>)<br>A.H.R.E., INC., et al )<br>1002 Heather Hill CT )<br>Mclean, VA 22101 )<br>)<br>        Defendant ) | Case Number: 1:07CV00372 |

### AFIDAVIT OF HELEN KIM

I, Helen Kim affirm, that I am the president and resident agent of A.H.R.E., Inc. I also affirm that other than the complaint in the above styled case, I have never received any document, pleading or notices of any motion, including Plaintiffs' July 13, 2007 motion for default judgment.

A.H.R.E., Inc. was not represented by an attorney at any point since the filing of this case. I was under the belief that A.H.R.E., Inc. was dismissed from this case after my husband explained to Plaintiffs' lawyer that we did not employ the Plaintiffs nor had any relationship with them.

_____
HELEN KIM

SWORN TO AND SUBSCRIBED, before me, this 25 day of ____June____, 2008.

_____
NOTARY PUBLIC

CATHERINE MORRISON
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES JAN. 31, 2009
COMMISSION # 355692

A.H.R.E. INC.

May 11, 2007

Ms. Katherine Leong
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Re: Wilfredo Canales and Maria Rivera
    (Case No. 1:07CV000372 CKK)

Dear Ms. Leong,

After some difficulty we have located Mr. Seong Kun Chong and he has signed a hand-written agreement (witnessed by one of our employees that work with Mr. Chong at the Embassy) to pay Mr. Wilfredo Canales and Ms. Maria Rivera for working for Mr. Chong at the Embassy project in Washington. Please know that Mr. Canales and Ms. Rivera did not work directly for our company at this project and Mr. Chong was paid in full for the work that he and his employees did at the Embassy project. Please find enclosed a copy of the agreement and copies of the checks to Mr. Chong for the work that was done at the Embassy project. We are willing to facilitate the payment to Mr. Canales and Ms. Rivera by providing the address to Mr. Chong.
If you have any questions please feel free to contact me at (410) 685-4031.
Thank you.

Sincerely,

Albert Kim

Enc: Payment agreement and copies of checks

# EXHIBIT 1

VA Office:
8380 Greensboro Dr. #617 McLean, VA. 22102-3520   www.ahreinc.com   Tel: 703.506.1556   Fax: 703.506.0049
Trinidad Office:
#3 Le Chateau De Jardin St. Ann's Avenue Port of Spain Triniad and Tobago W.I.   Tel: 1.868.712.5715   Fax: 1.868.621.0683

UNITED STATES POSTAL SERVICE
SOUTHERN MD 20~
17 MAY 2007 PM 5

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

A.H.R.B., Inc.
111 Water St. #405
Baltimore, MD. 21202

043

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Katherine Leong
Williams & Connolly, LLP
725 Twelfth St. N.W.
Washington, D.C. 20005

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name): LOZANO
C. Date of Delivery: 5/16/07

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail  ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)     7007 0220 0000 9807 5816

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# EXHIBIT 1

I, Chong ~~Seung Keun~~ acknowledge ~~that the~~ painters worked at the embassy as employees of DDI construction and I, Chong ~~Seung Keun~~ promise to pay the full amount that the painters claimed for the job at the embassy

Also acknowledge that A.H.R.E. Inc is not liable or responsible in any way for the lawsuit or the claim made by the painters and as the president of DDI construction, I engage to pay the full amount due on this claim.

4/17/07

X _[signature]_

Witness

X _[signature]_
aeni Kim

# EXHIBIT 1