**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Wilfredo Canales et al., | ) |
| | ) |
| Plaintiffs, | ) Case No. 1:07CV00372 CKK |
| | ) |
| v. | ) |
| | ) |
| A.H.R.E., Inc. et al., | ) |
| | ) |
| Defendants. | ) |

**STATEMENT OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT A.H.R.E., INC.'S
MOTION TO SET ASIDE DEFAULT JUDGMENT**

Eight months after this Court entered a properly noticed default judgment against it, and more than one year after a response to the Complaint in this case was due, Defendant A.H.R.E., Inc. ("AHRE") has filed a Motion To Set Aside Default Judgment ("Motion") that is entirely without merit. AHRE's Motion, which fails to cite any legal authority supporting its position, omits material facts that fatally undermine AHRE's position and misstates both critical procedural facts and governing law. AHRE's Motion should be denied.

**FACTUAL BACKGROUND**

This action stems from more than 175 hours of uncompensated work and overtime—including drywall finishing, painting, and staining—that Plaintiffs performed for the benefit of AHRE more than two years ago, from May 15, 2006 to June 10, 2006. *See* Pl. Wilfredo Canales's Decl. in Support of Mot. for Entry of Default J. Against Defs. A.H.R.E., Inc. & Seong Kun Chong ¶¶ 3-6 (July 12, 2007) ("Canales Decl."); Pl. Maria Rivera's Decl. in Support of Mot. for Entry of Default J. Against Defs. A.H.R.E., Inc. & Seong Kun Chong ¶¶ 3-5 (July 12, 2007) ("Rivera Decl."). But although Plaintiffs ceased employment by AHRE on June 10, 2006,

they did not immediately file a lawsuit to seek payment of their wages.  Rather, Mr. Canales repeatedly attempted to resolve the dispute in a good faith effort by approaching Defendants and explaining that he and Ms. Rivera had not received payment for their work since May 27, 2006.  Compl. ¶¶ 30-32.  It was only after these good faith efforts proved futile—a full eight months after they ceased employment for the benefit of AHRE—that Plaintiffs filed a Complaint in this Court against AHRE and other defendants.

Seven days after the Complaint was filed, Plaintiffs caused Ms. Helen Kim, AHRE's registered agent, to be personally served with the Complaint and Summons at 1002 Heather Hill Court in McLean, Virginia.  *See* Ex. A to Katherine Leong's Decl. in Support of Opp'n to Def. A.H.R.E., Inc.'s Motion To Set Aside Default Judgment (July 8, 2008) ("Leong Decl.").  With service accomplished on February 28, 2007, AHRE's response to the Complaint was due on March 20, 2007.  Fed. R. Civ. P. 12(a)(1)(A)(i).  AHRE provided no response to the Complaint and did not ask for an extension to file one.  Even then, Plaintiffs allowed a substantial amount of extra time before moving for entry of default on May 1, 2007—42 days after a response was due—and notifying AHRE by mailing it a copy of the motion and supporting Statement of Points and Authorities submitted to the Court.  Leong Decl. ¶ 5 & Ex. B.  On May 2, 2007, the Clerk of the Court entered default under Federal Rule of Civil Procedure 55(a).

On May 11, 2007, nine days after the Clerk entered default, AHRE sent the letter to Plaintiffs' counsel that is identified as Exhibit 1 to its Motion, disclaiming any liability alleged in the Complaint because Plaintiffs did not work "directly" for AHRE and enclosing copies of checks paid to Mr. Chong.  Ex. 1 to Mot.  What AHRE fails to mention, however, is that ten days after that, on May 21, 2007, Plaintiffs' counsel responded by letter, explaining that AHRE's belated correspondence did not relieve it of any liability alleged by the Complaint.  Leong Decl.

¶ 5 & Ex. C.  Plaintiffs' counsel recommended in that letter that AHRE "seek independent legal counsel to advise [it] of [its] legal options in this matter" and explicitly warned AHRE that Plaintiffs would be pursuing entry of default judgment because AHRE had failed to respond to Plaintiffs' Complaint.  *Id.*  Contrary to the assertions in AHRE's motion, the May 11 and 21 letters between AHRE and Plaintiffs' counsel were the only communications between the parties.  AHRE vaguely alludes to "contacting Plaintiffs' attorney," "initial contact with attorney Katherine Leong," and AHRE's "expla[nation] to Plaintiffs' lawyer" in its Motion, Mot. at 2; Aff. of Helen Kim (June 25, 2008) ("Kim Aff."), but no contacts or explanations ever occurred. Leong Decl. ¶ 7.

After their counsel promptly responded to AHRE's letter, Plaintiffs again waited patiently for a response, especially considering that the May 21, 2007 letter specifically warned AHRE that a motion for default judgment would be forthcoming.  Another 53 days passed following the letter sent by Plaintiffs' counsel.  Still having received no response, Plaintiffs moved for default judgment on July 13, 2007, notifying AHRE by mailing to it a copy of the motion, supporting Statement of Points and Authorities, Declarations of Plaintiffs, Attorney Thomas G. Hentoff, Attorney Katherine Leong, and Attorney Laura E. Varela, and Declaration of Translation.  *See* Leong Decl. ¶ 8 & Exs. D & E.  On October 17, 2007, the Court entered an order for default judgment, granting Plaintiffs $2,799 in unpaid wages, $2,799 in liquidated damages, $964.56 in costs, and $15,535 in reasonable attorneys' fees.

At no time following the May 21, 2007 letter of Plaintiffs' counsel did AHRE or any attorney acting on its behalf contact Plaintiffs' counsel or file anything with this Court.  On February 26, 2008, Plaintiffs proceeded to domesticate their judgment in Fairfax County, Virginia as a first step toward collecting on the default judgment by attaching AHRE's property

in Virginia, in a case captioned *Canales et al. v. A.H.R.E., Inc.* It was not until a May 8, 2008 debtors' examination before the Fairfax County Circuit Court in that case, that AHRE finally asserted that it might seek to vacate the default judgment entered by this Court. AHRE again then waited for more than a month before filing the current Motion. Plaintiffs have since voluntarily agreed to suspend proceedings in Fairfax County pending the resolution of this Motion. To date, more than two years since Plaintiffs were last employed for the benefit of AHRE—and 1 year, 3 months after a response to the Complaint was originally due—AHRE still has not filed a response to the Complaint, despite the explicit language of Local Rule 7(g), requiring that all motions to vacate default judgment be accompanied by a verified Answer.

The following timeline summarizes the procedural history set forth above:

| Date | Event |
|------|-------|
| May 15, 2006 | Plaintiff Wilfredo Canales begins working at the Embassy of Trinidad and Tobago. |
| May 22, 2006 | Plaintiff Maria Rivera begins working at the Embassy of Trinidad and Tobago. |
| May 27, 2006 | Plaintiffs last receive payment for work at the Embassy of Trinidad and Tobago. |
| June 10, 2006 | Plaintiffs cease working at the Embassy of Trinidad and Tobago. |
| February 21, 2007 | Plaintiffs file Complaint against Defendants. |
| February 28, 2007 | Plaintiffs cause AHRE to be personally served with the Complaint and summons through its registered agent, Ms. Helen Kim. |
| March 20, 2007 | AHRE's response to the Complaint is due. |
| May 1, 2007 | Plaintiffs move for entry of default. |
| May 1, 2007 | Plaintiffs mail copies of Motion for Entry of Default and supporting Statement of Points and Authorities to AHRE via U.S. first-class mail. |
| May 2, 2007 | The Clerk of the Court enters default under Rule 55(a). |

| | |
|---|---|
| May 11, 2007 | AHRE sends letter to Plaintiffs' counsel (identified as Exhibit 1 to AHRE's Motion), disclaiming any liability alleged in the Complaint because Plaintiffs did not work "directly" for AHRE and enclosing copies of checks paid to Mr. Chong. |
| May 21, 2007 | Plaintiffs' counsel sends response letter to AHRE (attached as Exhibit C to Leong Decl.), explaining that AHRE's belated correspondence did not relieve it of any liability alleged by the Complaint, recommending that AHRE "seek independent legal counsel to advise [it] of [its] legal options in this matter," and explicitly warning AHRE that Plaintiffs would be pursuing entry of default judgment because AHRE had failed to respond to Plaintiffs' Complaint. |
| July 13, 2007 | Plaintiffs move for default judgment. |
| July 13, 2007 | Plaintiffs mail copies of default judgment papers to AHRE via U.S. first-class mail |
| October 17, 2007 | The Court enters default judgment under Rule 55(b). |
| February 26, 2008 | Judgment against AHRE is domesticated in Fairfax County Circuit Court. |
| April 23, 2008 | AHRE is served with debtors' interrogatories and requests for production of documents. |
| May 8, 2008 | AHRE appears for a debtors' examination before the Fairfax County Circuit Court and asserts that it may seek to set aside the default judgment entered by this Court. |
| June 25, 2008 | AHRE files Motion To Set Aside Default Judgment without verified Answer as required by Local Rule 7(g). |

## ARGUMENT

AHRE seeks relief from the default judgment under Federal Rules of Civil Procedure 55(a) and 60(b). First, Rule 55(a) is inapplicable to this case because AHRE's Motion is untimely. Second, AHRE has failed to establish the existence of the extraordinary circumstances required for relief under Rule 60(b). AHRE's Motion should be denied.

## I.    RULE 55(a) IS INAPPLICABLE BECAUSE JUDGMENT HAS ALREADY BEEN ENTERED.

Fed. R. Civ. P. 55(a) cannot be used to grant AHRE relief because AHRE's motion was filed more than eight months after this Court entered a default judgment against it.  It is well settled that relief from entry of default for "good cause" under Rule 55(a) is available only if default judgment has not already been entered.  *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980) (quotation marks omitted).  After a court enters default judgment, relief may only be obtained through Rule 60(b).  *Id.*  ("[A] default that has become final as a judgment can be set aside only under the stricter rule 60(b) standards for setting aside final, appealable orders.") (emphasis added).

In its October 17, 2007 Order granting default judgment, this Court specified that judgment was entered and that the order was final and appealable.  Order at 2 (Oct. 17, 2007).  Because AHRE did not file its motion until more than eight months later, relief under Rule 55(a) is unavailable to AHRE as a matter of law.

## II.    AHRE DOES NOT MEET THE "RARE" AND "EXTRAORDINARY" CIRCUMSTANCES" WARRANTING RELIEF UNDER RULE 60(b).

AHRE's Motion fails completely to establish the "rare" and "extraordinary" circumstances," *Mazengo v. Mzengi*, 542 F. Supp. 2d 96, 98, 99 (D.D.C. 2008) (describing the "high hurdles of Federal Rule of Civil Procedure 60(b)"), necessary to justify relief from entry of default judgment.  Indeed, AHRE supports its Motion with little more than the lone quotation of three subsections of Rule 60(b) without attempting to explain how AHRE could satisfy the tests set forth by these subsections.  Nor could AHRE in any event make such showings.  AHRE cannot demonstrate that it is entitled to relief under Rule 60(b)(1) because it cannot meet the high standard for "mistake, inadvertence, surprise, or excusable neglect" required.  In addition, Rule 60(b)(3) is of no avail because AHRE has not described any fraud or misconduct that excuses its

default. Finally, AHRE has provided no reasons that would qualify under Rule 60(b)(6) as "any

other reason that justifies relief."

A.     **AHRE Is Not Entitled to Relief Under Rule 60(b)(1) Because Its Default Was Willful, It Does Not Have a Meritorious Defense, and Plaintiffs Would Be Prejudiced.**

"Relief pursuant to Rule 60(b)(1) is only granted in 'extraordinary circumstances.'"

*Mazengo*, 542 F. Supp. 2d at 99 (quoting *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 11

(D.D.C. 2003)). To determine whether those "extraordinary circumstances" exist, three factors

are used: whether "(1) the defendant's default was willful; (2) the defendant had alleged a

meritorious defense; and (3) the plaintiff would or would not be prejudiced as a result of the

judgment being set aside." *Id.* The balance of these factors clearly weighs in favor of denying

AHRE's Motion.

1.     **AHRE's default was willful.**

AHRE's failure to file a response to Plaintiffs' Complaint, despite multiple opportunities

to do so, demonstrates the willfulness of its default. Although AHRE blames its default on its

own ignorance of legal procedure, its lack of legal counsel, and its supposed non-receipt of any

pleadings or correspondence, Mot. at 2 ("Since the initial contact with attorney Katherine Leong,

A.H.R.E., Inc. has NOT received any communications, pleadings or notices of any kind from the

Plaintiffs, including Plaintiffs' motion for default judgment."), these excuses are either not

credible or are not generally accepted as bases for relief under Rule 60(b)(1).

a.     **Ignorance of the law is still willful default.**

"Ignorance of one's legal obligations does not constitute the type of 'mistake' or

'neglect' that Rule 60(b)(1) excuses." *Mazengo*, 542 F. Supp. 2d at 99 (quoting Fed. R. Civ. P.

60(b)(1)). Importantly, AHRE does not dispute that it was properly served with the Complaint

and Summons on February 28, 2007. *See, e.g.*, *Smith v. United States*, 475 F. Supp. 2d 1, 9

(D.D.C. 2006) (granting the federal government's motion for relief from entry of default because it had not been properly served with the complaint and summons); *Erwin v. United States*, No. 05-1698 (CKK), 2006 WL 2660296, at *5-6 (D.D.C. Sept. 15, 2006) (same).

The Summons served on AHRE clearly stated that an answer must be served on Plaintiffs' counsel within 20 days of service, with a copy to be filed with the Court. *See* Ex. A to Leong Decl. AHRE never filed a response by this deadline, but even after this deadline passed, AHRE had multiple opportunities to file a response to the Complaint: in the month and a half before Plaintiffs moved for entry of default, in the two months between the May 21, 2007 letter from Plaintiffs' counsel and Plaintiffs' motion for default judgment, in the three months between Plaintiffs' motion for default judgment and entry of default judgment, and in the six months between entry of default judgment and Plaintiffs' attempt to execute the judgment—a total of more than one year. Instead, AHRE took no action despite having been put on notice that default judgment was imminent. *See* Ex. C to Leong Decl. ("Consequently, we will be pursuing entry of default judgment against AHRE and Mr. Chong for the amount of $5,598 plus attorneys' fees and costs."). AHRE's continued failure to respond to Plaintiffs' Complaint even after being put on notice demonstrates the willfulness of its default. *Flynn v. Pulaski Constr. Co.*, No. Civ.A. 02-02336, 2006 WL 47304, at *8 (D.D.C. Jan. 6, 2006) ("[B]ecause Defendant corporations were on notice of the Plaintiffs impending lawsuit, had been specifically warned of Plaintiffs' intention to move for entry of default, and have not proffered an adequate excuse for their failure to answer—default was willful.").

AHRE even now ignores its obligation to file an Answer with its Motion as required by Local Rule 7(g). Taken in context with its repeated failures to respond, non-compliance with Local Rule 7(g) is merely "another example of [AHRE's] pattern of late filings. Such repeated

failures add up to more than an inadvertent mistake. The Court finds that defendants failure to respond to the complaint was not simple negligence." *Harris v. District of Columbia*, 159 F.R.D. 315, 317 (D.D.C. 1995) (setting aside entry of default under the more lenient Rule 55(a), which is inapplicable to this case).

Because of AHRE's willful default, this is precisely the case in which default judgment should be granted and upheld. *See, e.g., Cornerstone Research, Inc. v. Appforge, Inc.*, No. 07-171 (CKK), 2007 WL 3378239, at *1-2 (D.D.C. Nov. 13, 2007) (granting default judgment after the defendant failed to answer the complaint).

> **b.      AHRE is an established, multi-office corporation operating in multiple jurisdictions, and its refusal to retain an attorney does not prevent its default from being willful.**

AHRE characterizes itself as a "small family owned remodeling business" that was naïve in legal matters. Mot. at 1, 2, 4. Because it did not have legal counsel until its Motion was filed, Aff. of Helen Kim, AHRE asserts that it simply did not know what its legal obligations were with respect to this case. But in this case, it is not that AHRE was <u>unable</u> to locate adequate counsel; rather, it simply <u>chose</u> not to retain one and remain in ignorance of its obligations.

Despite its own characterizations, AHRE is far from the small, naïve business that it would have this Court believe it to be. According to its website (http://www.ahreinc.com), AHRE has been in business since 1986. It has multistate and international operations in Northern Virginia, Washington, DC, Baltimore, Maryland, Port of Spain, Guam, Trinidad and Tobago, Indonesia, South Korea, China, Tanzania, Angola, and Kenya and has worked on local, state, and federal government projects.[1] It boasts of being the "driving force in the local housing construction boom," its "highly experienced staff," and that its "level of experience and

---

[1] A.H.R.E., Inc., http://www.ahreinc.com/aboutus.htm (last visited July 8, 2008); *see* Leong Decl. ¶ 10.

standards . . . are continually on the rise."[2]  AHRE has been in business long enough to know what its legal obligations are or at least to hire an attorney to determine what they are when a lawsuit is filed against it.  That AHRE chose not to do so for this case may be bad judgment on its part, but it is not a valid excuse for relief from a default judgment.

Inability and refusal to obtain legal counsel are not bases for obtaining relief under Rule 60(b)(1).  *Mazengo*, 542 F. Supp. 2d at 99 ("[I]nability, over the course of many months, to locate acceptable counsel . . . has been rejected by multiple courts in this district alone."); *Flynn*, 2006 WL 47304, at *8 ("Six months is an inordinate period of time to decide to and subsequently try to obtain local counsel.  Failure to obtain counsel, in and of itself, does not excuse the Defendants from failing to file a [sic] answer.").  This is especially true when Plaintiffs' counsel recommended that it seek independent legal counsel.  *See* Ex. A to Leong Decl.

### c. AHRE's claim that it never received any pleadings or correspondence other than the Complaint is not credible.

AHRE cannot credibly claim that it did not receive any pleadings or correspondence related to this case other than the Complaint.  Unless rebutted, "there is a presumption that a piece of mail sent through the United States Post Office in ordinary course is delivered at its destination."  *Protein Found., Inc. v. Brenner*, 260 F. Supp. 519, 520-21 (D.D.C. 1966); *Legille v. Dann*, 544 F.2d 1, 4-5 (D.C. Cir. 1976) ("Proof that mail matter is properly addressed, stamped and deposited in an appropriate receptacle has long been accepted as evidence of delivery to the addressee."); *Lepkowski v. U.S. Dep't of Treasury*, 804 F.2d 1310, 1323 (D.C. Cir. 1986) (citing *Legille*, 544 F.2d at 4, 5 & n. 20-21).

In this case, AHRE does not—and cannot—deny that it was hand-served with the Complaint and Summons.  *See* Ex. A to Leong Decl.  This fact alone creates an obligation for

---

[2] *Id.*

AHRE to respond, which it continues to fail to do.  But Plaintiffs gave AHRE many other opportunities to respond by sending copies of all pleadings that it filed with this Court.

      As stated in the Certificates of Service for both the Motion for Entry of Default and the Motion for Default Judgment and by a cover letter accompanying the latter motion, Plaintiffs sent copies of all papers filed with the Court in support of these motions to AHRE via U.S. first-class mail to the 1002 Heather Hill Court address in McLean, Virginia.  *See* Leong Decl. ¶¶ 5, 8 & Exs. B, D, E; Cathy S. Lavin's Decl. in Support of Pls.' Opp'n to Def. A.H.R.E., Inc.'s Mot. To Set Aside Default Judgment ¶¶ 6, 8-10 (July 8, 2008) ("Lavin Decl."); Bobby L. Young's Decl. in Support of Pls.' Opp'n to Def. A.H.R.E., Inc.'s Mot. To Set Aside Default Judgment ¶¶ 3-8 & Exs. A-C (July 8, 2008) ("Young Decl.").  This address is listed as the address for AHRE's registered agent, is where AHRE was served with Plaintiffs' Complaint, is published on AHRE's website, and is listed as the address on AHRE's Motion.  AHRE has not disputed that this is a valid mailing address, and neither the Motion for Entry of Default nor the Motion for Default Judgment were returned to the sender.  *See* Leong Decl. ¶ 9.

      With regard to the May 21, 2007 letter that Plaintiffs' counsel sent to AHRE in response to its May 11, 2007 letter, that was addressed to AHRE's 8380 Greensboro Drive address in McLean, Virginia, which appears on the letterhead on which AHRE wrote its May 11 letter.  It is entirely reasonable for Plaintiffs' counsel to respond to AHRE using an address on its own letterhead, and considering that the May 21 letter was never returned, Leong Decl. ¶ 9, Plaintiffs were entitled to presume that AHRE received it.

      The affidavit of Helen Kim accompanying AHRE's Motion provides only a blanket denial of receipt and does not elaborate on whether AHRE ever searched for the mailings, who at AHRE is responsible for the receipt of mail, whether that person was asked about these mailings,

and where such mailings would normally be kept. "The majority of courts that have considered the presumption of receipt have held that a mere denial of receipt is insufficient to rebut the presumption." *In re Hobbs*, 141 B.R. 466, 468 (Bankr. N.D. Ga. 1992) (citing *In re Longardner & Assocs., Inc.*, 855 F.2d 455, 459-60 (7th Cir. 1988); *Osborn v. Ricketts (In re Ricketts)*, 80 B.R. 495, 497 (B.A.P. 9th Cir. 1987); *Moody v. Bucknum (In re Bucknum)*, 951 F.2d 204, 207 (9th Cir. 1991) (per curiam); *In re Euston*, 120 B.R. 228, 230-31 (Bankr. M.D. Fla. 1990)). With nothing more than an unsupported denial of receipt, the presumption that AHRE received the motion for entry of default, the May 21, 2007 letter, and the motion for default judgment stands.

## 2.    AHRE does not have a meritorious defense absolving it from liability to Plaintiffs.

AHRE claims that it would have been "easily victorious" because it "never employed the Plaintiffs, and never contracted with the Plaintiffs." Mot. at 2, 3. AHRE further asserts that because it already paid its subcontractor in full and on time, no further liability may be imposed. *Id.* at 1. Such claims are directly contradicted by the statutes under which Plaintiffs seek relief and defendants' liability under each. Fair Labor Standards Act of 1938, Pub. L. No. 81-393, 63 Stat. 910 (codified as amended at 29 U.S.C. §§ 201-219 (1949)) ("FLSA"); D.C. Minimum Wage Revision Act of 1992, D.C. Code §§ 32-1002 to -1015 (1993) ("D.C. Wage and Hour Law"); D.C. protection ensuring payment of wages, D.C. Code §§ 32-1301 to -1310 (2001) ("D.C. Wage Payment Law").

Liability under FLSA, the D.C. Wage and Hour Law, and the D.C. Wage Payment Law is imposed on "employers" that fail to pay the minimum wage and overtime to employees. Whether someone is an "employer" as defined by the statutes[3] is based on "economic reality

---

[3] 29 U.S.C. § 203(d) (2000) (defining "employer"); D.C. Code § 32-1002(3) (1993) (same); *id.* § 32-1301(1) (2001) (same).

rather than technical concepts." *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961) (internal quotation marks omitted). In making this determination, courts evaluate "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 11 (D.C. Cir. 2001) (quotation marks omitted). This evaluation of factors does not preclude more than one person or entity from being an "employer" for liability purposes under the statutes by which Plaintiffs seek relief. Indeed, courts have regularly imposed liability on more than one defendant as "employers." *See, e.g.*, *Falk v. Brennan*, 414 U.S. 190, 195 (1973) (affirming the finding that a real estate management company, as well as the building owners, was an "employer" under FLSA because it had "substantial control of the terms and conditions of the work of [the plaintiffs]"); *Lopez v. Rodriguez*, 668 F.2d 1376, 1377 (D.C. Cir. 1981) (imposing FLSA liability on two defendants who employed the plaintiff).

AHRE has not disputed the legal standard for liability under any of the three statutes by which Plaintiffs seek relief, and it qualifies as an "employer" under those statutory definitions. As alleged in their Complaint, the work of both Plaintiffs was supervised by AHRE, Compl. ¶¶ 16, 26, and Mr. Canales had an identification badge and T-shirt with AHRE's logo, *id.* ¶ 15. As the Embassy of Trinidad and Tobago was a project primarily of AHRE's responsibility, Plaintiffs' work also benefited AHRE in that AHRE could not have completed the remodeling project at the Embassy without Plaintiffs' services. In light of the statutory definitions, AHRE's "defense" amounts to nothing more than a mere general denial of Plaintiffs' allegations. "No authority supports the proposition that a mere general denial of a plaintiff's allegations may be deemed a 'meritorious defense' in the context of the evaluation of a motion to set aside a default

judgment pursuant to Rule 60(b)(1)." *Whittaker v. District of Columbia*, 228 F.R.D. 378, 381 (D.D.C. 2005).

Neither has AHRE disputed that it is jointly and severally liable to Plaintiffs, as stated in the May 21, 2008 letter from Plaintiffs' counsel to AHRE. Ex. 1. If AHRE is jointly and severally liable for Plaintiffs' claims, Plaintiffs may recover their judgment from any or all defendants, and it would not matter that AHRE had already paid its subcontractor. That fact merely provides a cause of action by AHRE against the subcontractor for subrogation. With no dispute over the legal standard for liability, AHRE fails to offer a meritorious defense that would relieve it from default judgment.

### 3.   Plaintiffs would be prejudiced if the judgment were set aside.

Prejudice to the plaintiff in setting aside a judgment may be manifested by the "accompanying dangers" of delay that would result: "loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion." *Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 394 (D.D.C. 2005) (quotation marks omitted). In addition, "forcing a party to expend further time and money to collect on a claim as to which there are no meritorious defenses unfairly prejudices plaintiff to some degree." *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co.*, 288 F. Supp. 2d 22, 31 (D.D.C. 2003).

In this case, Plaintiffs have already waited more than two years to receive payment for work that was done for the benefit of AHRE. And with AHRE's Motion, Plaintiffs again must wait longer after having voluntarily suspended proceedings in Fairfax County Circuit Court to collect their judgment while this Motion is pending. As Plaintiffs alleged in their Complaint, they signed in and out of the Embassy each day that they worked. Compl. ¶¶ 17, 25. AHRE presumably maintained these sign-in sheets, but with the passage of time, the likelihood that such evidence will be destroyed or misplaced increases. Given the passage of time caused by AHRE,

key witnesses may also be unavailable for various reasons. Furthermore, Plaintiffs are not people of great means, and the wages owed to them are essential in providing food, housing, clothing, and other necessities. Asking them to wait even longer while AHRE postpones its response for yet another indefinite amount of time when that defense is not meritorious, *see supra* Part II.A.2, is unreasonable and imposes an undue financial burden and prejudice on Plaintiffs.

Even if Plaintiffs would not suffer any prejudice by having the default judgment set aside—which plainly would not be the case here—"an absence of prejudice to plaintiff does not in itself entitle defendant to relief from the judgment. The court has discretion to deny a motion to vacate if it is persuaded that the default was willful and that the defaulting party has no meritorious defenses." *Int'l Painters*, 288 F. Supp. 2d at 31 (citation omitted); *Capital Yacht Club*, 228 F.R.D. at 394. Because AHRE's default was willful and because it has no meritorious defenses, *see supra* Part II.A.1 & 2, its Motion should not be granted even if Plaintiffs were to suffer no prejudice.

**B.    There Was No Fraud or Misconduct that Would Entitle AHRE to Relief Under Rule 60(b)(3).**

"In order to prevail under Rule 60(b)(3), the moving party must establish fraud or misconduct, and resulting actual prejudice, by clear and convincing evidence." *Bennett v. United States*, 530 F. Supp. 2d 340, 341 (D.D.C. 2008). Besides failing to meet its burden of proof by "clear and convincing evidence," AHRE fails to specifically allege what the fraud or misconduct was that would entitle it to relief. There has been no fraud or misconduct whatsoever.

All Plaintiffs' counsel did was follow the Federal Rules' requirements for serving a Complaint and Summons and for moving for default in the absence of an Answer. As demonstrated above, Plaintiffs' counsel even went so far as to write to AHRE prior to the entry

of default judgment, specifically to advise it that default judgment was imminent and to suggest

that AHRE seek independent legal counsel.  Ex. C to Leong Decl.  Nothing in this letter could

possibly have led AHRE to believe that it had been absolved from liability.  Whether AHRE

self-interestedly asserts that it "thought" or "was under the belief" that it would be dismissed,

Mot. at 2; Kim Aff., from the case is immaterial as the factual record demonstrates that any such

belief would have been objectively unreasonable.

> **C.**     **AHRE Presents No "Other Reasons" Warranting Relief Under Rule 60(b)(6).**

Because Rule 60(b)(6) is a "catch-all provision" that could improperly encompass broad

relief, courts have cautioned that it "should only be sparingly used . . . [and] [r]elief under [it]

should therefore be granted only in 'extraordinary circumstances.'"  *Lightfoot v. District of*

*Columbia*, --- F. Supp. 2d ---, No. 04-1280, 2008 WL 2067994, at *6 (D.D.C. May 16, 2008)

(citation and quotation marks omitted) (quoting *Ackermann v. United States*, 340 U.S. 193, 199-

200 (1950)).  To qualify for relief under Rule 60(b)(6), the movant must show that it was

faultless for the delay.  *Id.* at *8 ("Legal authority has made the fault/no fault distinction the

controlling factor in determining whether extraordinary circumstances exist.").  AHRE has made

no such showing and cannot do so.

## CONCLUSION

In view of the foregoing, Plaintiffs request that Defendant AHRE's Motion To Set Aside

Default Judgment be denied.

Respectfully submitted,

*Katherine Leong*

Thomas G. Hentoff (D.C. Bar No. 438394)
Katherine Leong (D.C. Bar No. 492457)

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Laura Varela (D.C. Bar No. 974207)
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, N.W.
Suite 400
Washington, D.C.  20036
Telephone: (202) 319-1000
Facsimile: (202) 319-1010

Dated:  July 8, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2008 a copy of the foregoing

Plaintiffs' Statement of Points and Authorities in Opposition to Defendant AHRE's Motion To

Set Aside Default Judgment and supporting Declarations of Katherine Leong, Cathy S. Lavin,

and Bobby L. Young was sent via hand delivery to:

> Kamal Nawash, Esq.
> The Nawash Law Office
> 1050 17th Street, N.W.
> Suite 1000
> Washington, DC  20036


_____
Katherine Leong

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| Wilfredo Canales, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:07CV00372 CKK |
| ) | |
| v. ) | |
| ) | |
| A.H.R.E., Inc., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**KATHERINE LEONG'S DECLARATION IN SUPPORT OF
OPPOSITION TO DEFENDANT A.H.R.E., INC.'S
MOTION TO SET ASIDE DEFAULT JUDGMENT**

I, the undersigned, Katherine Leong, declare and state:

1.  My name is Katherine Leong.  I am over 18 years of age and competent to sign and submit this Declaration supporting Plaintiffs' Opposition to Defendant A.H.R.E., Inc.'s Motion To Set Aside Default Judgment.  This Declaration is based on my personal knowledge of the facts described herein.

2.  I have been an associate in the law firm of Williams & Connolly LLP since September 2004 and am one of the attorneys responsible for the above-captioned case.

3.  For billing and expense purposes, 44070.0002 is the client/matter number assigned by Williams & Connolly to the above-captioned case.

4.  On February 21, 2007, I directed Capitol Process Services, Inc. to personally serve AHRE with the Complaint and Summons.  The Return of Service for AHRE is attached to this Declaration as Exhibit A ("Summons").

5.    On May 1, 2007, I prepared the Motion for Entry of Default and supporting Statement of Points and Authorities and directed my legal secretary, Cathy S. Lavin, to make three copysets. I instructed Ms. Lavin to send one copyset to AHRE using the address for AHRE listed on the Certificate of Service, attached as Exhibit B to this Declaration, and to file one copyset in my "Pleadings" file for this case.

6.    On May 21, 2007, I drafted the letter to AHRE dated May 21, 2007, attached to this Declaration as Exhibit C ("May 21, 2007 Letter") and e-mailed the Word version of the May 21, 2007 to Ms. Lavin. Ms. Lavin printed the May 21, 2007 letter on my Williams & Connolly stationery, and I signed the letter. I instructed Ms. Lavin to make one copy of the May 21, 2007 letter, to send the signed original of the May 21, 2007 to AHRE using the address on the letter, and to file one copy in my "Correspondence" file for this case.

7.    Other than the May 21, 2007 Letter, I have had no contact or discussions with AHRE.

8.    On July 13, 2007, I prepared the Motion for Default Judgment and supporting Statement of Points and Authorities. I also prepared my declaration in support of the motion and received supporting declarations from Plaintiffs, Attorney Thomas G. Hentoff, Attorney Laura E. Varela, and a Declaration of Translation. I asked Ms. Lavin, to make three copysets of the above-mentioned documents. I drafted a cover letter to accompany the copyset to be sent to AHRE, attached as Exhibit D to this Declaration ("July 13, 2007 Cover Letter"), and e-mailed the Word version of the July 13, 2007 Cover Letter to Ms. Lavin. Ms. Lavin printed the July 13, 2007 Cover Letter on my Williams & Connolly stationery, and I signed the letter. I instructed Ms. Lavin to send the signed original of the July 13, 2007 Cover Letter and one copyset of the above-mentioned documents to

2

AHRE using the address for AHRE listed on the Certificate of Service, attached as Exhibit E to this Declaration.  I then instructed Ms. Lavin to file one copyset of the motion, supporting Statement of Points and Authorities, and supporting declarations in my "Pleadings" file for this case.  I also instructed Ms. Lavin to file one copy of the July 13, 2007 Cover Letter in my "Correspondence" file for this case.

9.     The May 1, 2007, May 21, 2007, and July 13, 2007 mailings to AHRE that contained the Motion for Entry of Default and supporting documents, letter, and Motion for Default Judgment and supporting documents, respectively, were never returned to me as undeliverable.

10.    On July 8, 2008, I visited AHRE's website at http://www.ahreinc.com, and the information cited from AHRE's website in the Statement of Points and Authorities in Opposition to Defendant A.H.R.E., Inc.'s Motion To Set Aside Default Judgment was accurate as of this date.

11.    I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  July 8, 2008                    _____*Katherine Leong*_____
                                                     Katherine Leong

3

# EXHIBIT A

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Wilfredo Canales and Maria Rivera

**SUMMONS IN A CIVIL CASE**

V.

A.H.R.E., Inc., DDI Construction Company,
Seong Kun Chong, and John Doe
Defendants 1 and 2

CASE NUMBER  1:07CV00372

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Civil Rights (non-employment)

DATE STAMP: 02/21/2007

TO: (Name and address of Defendant)

A.H.R.E., Inc.
8380 Greensboro Drive, #617
McLean, VA 22102

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Katherine Leong, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON

FEB 2 1 2007

CLERK

(By) DEPUTY CLERK                                                DATE

AO 440  (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE<br>02-28-07 at 7:24 p.m. |
| NAME OF SERVER (PRINT)<br>**David S. Felter** | TITLE<br>**Private Process Server** |

*Check one box below to indicate appropriate method of service*

G  Served personally upon the defendant.  Place where served: _____

_____

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

_____

_____

☒  Other (specify):  **By serving Helen Kim, Registered Agent, authorized to accept.**
**Service was completed at 1002 Heather Hill Court, McLean, Virginia 22101.**

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   **03-01-07**
              Date

*Signature of Server*

**Capitol Process Services, Inc.**
1827 18th Street, NW
Washington, DC  20009
(202) 667-0050

*Address of Server*

* **Notice of Right to Consent to Trial Before United States Magistrate Judge and**
  **Initial Electronic Case Filing Order**

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT B

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2007 a copy of Plaintiffs' Motion for

Entry of Default and supporting Statement of Points and Authorities was sent via first-class U.S.

mail, postage prepaid to the individuals identified below, who were not identified in the Court's

ECF system as of the above date:

A.H.R.E., Inc.
1002 Heather Hill Court
McLean, VA  22101

Seong Kun Chong
5914 Heritage Square Drive
Burke, VA  22015

*Katherine Leong*
Katherine Leong

# EXHIBIT C

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

KATHERINE LEONG
(202) 434-5977
kleong@wc.com

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

May 21, 2007

*Via First-Class Mail*

Mr. Albert Kim
A.H.R.E., Inc.
8380 Greensboro Drive, #617
McLean, VA 22102-3520

      Re:   *Wilfredo Canales et al. v. A.H.R.E. Inc. et al.*,
           Case No. 1:07CV000372 CKK

Dear Mr. Kim:

      We received your letter dated May 11, 2007 regarding the above-referenced matter. We do not believe that it relieves A.H.R.E., Inc. ("AHRE") of any liability to our clients, Wilfredo Canales and/or Maria Rivera. We recommend that you seek independent legal counsel to advise you of your legal options in this matter.

      In their Complaint, Mr. Canales and Ms. Rivera bring an action under federal and state wage laws seeking payment of their unpaid wages, liquidated damages, attorneys' fees, and costs jointly and severally from all defendants. This allows Mr. Canales and Ms. Rivera to recover any damages from any or all defendants. Because AHRE failed to respond to Mr. Canales and Ms. Rivera's Complaint, the U.S. District Court for the District of Columbia entered default against AHRE on May 2, 2007. Consequently, we will be pursuing entry of default judgment against AHRE and Mr. Chong for the amount of $5,598 plus attorneys' fees and costs.

      Sincerely,

*Katherine Leong*

Katherine Leong

# EXHIBIT D

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

KATHERINE LEONG
(202) 434-5977
kleong@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 13, 2007

**Via First-Class Mail**

A.H.R.E., Inc.
c/o Helen Kim, Registered Agent
1002 Heather Hill Court
McLean, VA 22101

    Re:    **Canales, et al v. A.H.R.E., Inc., et al., Case No. 1:07CV00372 CKK**

Dear Ms. Kim:

        Enclosed please find the following pleadings that were filed with the U.S. District Court for the District of Columbia today.

    (1) Motion for Default Judgment;
    (2) Statement of Points and Authorities;
    (3) Declaration of Wilfredo Canales;
    (4) Declaration of Maria Rivera;
    (5) Declaration of Translation;
    (6) Declaration of Thomas G. Hentoff;
    (7) Declaration of Katherine Leong; and
    (8) Declaration of Laura E. Varela.

    Thank you.

        Sincerely,

        *Katherine Leong*

        Katherine Leong

Enclosures

# EXHIBIT E

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2007 a copy of Plaintiffs Wilfredo Canales's and Maria Rivera's Motion for Default Judgment Against Defendants A.H.R.E., Inc. and Seong Kun Chong, along with the accompanying Statement of Points and Authorities, Declarations of Wilfredo Canales, Maria Rivera, Thomas G. Hentoff, Katherine Leong, and Laura Varela, and Declaration of Translation, were sent via first-class U.S. mail, postage prepaid to the individuals identified below, who were not identified in the Court's ECF system as of the above date:

A.H.R.E., Inc.
c/o Helen Kim, Registered Agent
1002 Heather Hill Court
McLean, VA  22101

Seong Kun Chong
5914 Heritage Square Drive
Burke, VA  22015

_Katherine Leong_
Katherine Leong

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| Wilfredo Canales, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:07CV00372 CKK |
| | ) | |
| v. | ) | |
| | ) | |
| A.H.R.E., Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CATHY S. LAVIN'S DECLARATION IN SUPPORT OF
OPPOSITION TO DEFENDANT A.H.R.E., INC.'S
MOTION TO SET ASIDE DEFAULT JUDGMENT**

I, the undersigned, Cathy S. Lavin, declare and state:

1. My name is Cathy S. Lavin. I am over 18 years of age and competent to sign and submit this Declaration supporting Plaintiffs' Opposition to Defendant A.H.R.E., Inc.'s Motion To Set Aside Default Judgment. This Declaration is based on my personal knowledge of the facts described herein.

2. I have been the legal secretary for Katherine Leong at Williams & Connolly LLP since September 2005.

3. For timekeeping and expense purposes, 44070.0002 is the client/matter number assigned by Williams & Connolly to the above-captioned case.

4. I was taught by Megin Callis that it is Williams & Connolly's general practice to mark all outgoing mail by handwriting the sender's initials and the client/matter number in the righthand corner of the envelope and then to leave it in the outgoing bin on my desk for pick-up by Office Services. This is a practice that I consistently follow.

5.    Office Services regularly picks up the mail from the outgoing bin on my desk throughout each day.

6.    On May 1, 2007, I made three copysets of the Motion for Entry of Default and supporting Statement of Points and Authorities. I used a typewriter to type the two addresses that appeared on the Certificate of Service on separate address labels with Williams & Connolly's return address preprinted on them. The address I used for AHRE was 1002 Heather Hill Court, McLean, VA 22101. *See* Exhibit B to Katherine Leong's Decl. in Support of Pls.' Opp'n to Def. A.H.R.E., Inc.'s Mot. To Set Aside Default Judgment (July 8, 2008) ("Leong Decl."). I then affixed each address label on separate 9-inch by 12-inch envelopes. After addressing the envelopes, I wrote Ms. Leong's initials and "44070.0002" in the upper righthand corner of the envelopes, inserted one copy of the motion and supporting Statement of Points and Authorities in each envelope, sealed the envelopes, and left the envelopes in the outgoing bin on my desk. I then inserted a copyset of the motion and supporting Statement of Points and Authorities in Ms. Leong's "Pleadings" file for this case.

7.    On May 21, 2007, Ms. Leong e-mailed me the Word version of the letter to AHRE dated May 21, 2007 ("May 21, 2007 Letter"). I printed the document on Ms. Leong's Williams & Connolly stationery and presented the letter to her for her signature. After Ms. Leong signed the letter, I made one copy. *See* Ex. C to Leong Decl. I then typed the address that appears on the May 21, 2007 Letter (Mr. Albert Kim, A.H.R.E., Inc., 8380 Greensboro Drive, #617, McLean, VA 22102-3520) on a letter-sized envelope. After addressing the envelope, I wrote Ms. Leong's initials and "44070.0002" in the upper righthand corner of the envelope, inserted the signed original of the May 21, 2007 Letter

in the envelope, sealed the envelope, and left the envelope in the outgoing bin on my desk. I then inserted a copy of the May 21, 2007 Letter in Ms. Leong's "Correspondence" file for this case.

8.    On July 13, 2007, I made three copysets of the Motion for Default Judgment, supporting Statement of Points and Authorities, supporting declarations of Wilfredo Canales, Maria Rivera, Attorney Thomas G. Hentoff, Attorney Katherine Leong, Attorney Laura E. Varela, and Declaration of Translation. I used a typewriter to type the two addresses that appeared on the Certificates of Service on separate address labels with Williams & Connolly's return address preprinted on them. The address I used for AHRE was 1002 Heather Hill Court, McLean, VA 22101. *See* Ex. E to Leong Decl. I then affixed each address label on separate 9-inch by 12-inch envelopes.

9.    Ms. Leong also e-mailed me the Word version of the cover letter to AHRE that accompanied the motion and supporting documents. *See* Ex. D to Leong Decl. ("July 13, 2007 Cover Letter"). I printed the July 13, 2007 Cover Letter on Ms. Leong's Williams & Connolly stationery and presented the letter to her for her signature. After Ms. Leong signed the letter, I made one copy.

10.    After addressing the envelopes, *see supra* ¶ 8, I wrote Ms. Leong's initials and "44070.0002" in the upper righthand corner of the two envelopes, inserted the signed original of the July 13, 2007 Cover Letter and one copy of the motion and supporting Statement of Points and Authorities and declarations in the envelope addressed to AHRE, sealed the envelope, and left the envelope in the outgoing bin on my desk. I then inserted a copyset of the motion and supporting Statement of Points and Authorities and

declarations in Ms. Leong's "Pleadings" file for this case and a copy the July 13, 2007

Cover Letter in Ms. Leong's "Correspondence" file for this case.

11.    I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  July 8, 2008                         *Cathy S. Lavin*
                                                                    Cathy S. Lavin

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Wilfredo Canales, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:07CV00372 CKK |
| | ) | |
| v. | ) | |
| | ) | |
| A.H.R.E., Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**BOBBY L. YOUNG'S DECLARATION IN SUPPORT OF**
**OPPOSITION TO DEFENDANT A.H.R.E., INC.'S**
**MOTION TO SET ASIDE DEFAULT JUDGMENT**

I, the undersigned, Bobby L. Young, declare and state:

1.      My name is Bobby L. Young. I am over 18 years of age and competent to sign and submit this Declaration supporting Plaintiffs' Opposition to Defendant A.H.R.E., Inc.'s Motion To Set Aside Default Judgment. This Declaration is based on my personal knowledge of the facts described herein.

2.      I have been the Deputy Director for Operations at Williams & Connolly LLP since November 1997. As Deputy Director for Operations, I am responsible for creating and implementing policies regarding the operations of Office Services and the mailroom at Williams & Connolly.

3.      It is Williams & Connolly's general practice to have legal secretaries mark all outgoing mail by handwriting the sender's initials and the client/matter number in the righthand corner of the envelope and then to leave it in the outgoing bin on their desks for pick-up by Office Services. This is a practice that is consistently followed.

4.     In the ordinary course of business, Tiffany Williams, the Mail Clerk/Copy Operator, collects mail from the outgoing bins of each legal secretary's desk on the tenth floor, including Ms. Lavin's desk, eight times per day beginning at 9 a.m. and ending at 5:30 p.m. Ms. Williams's co-workers collect mail from the outgoing bin of each legal secretary's desk two other times from 1 p.m. to 2 p.m. and 6 p.m. to 6:30 p.m.

5.     After picking up the mail from each legal secretary's outgoing bin, Ms. Williams then takes all outgoing mail to the mailroom and runs all letter-sized envelopes through the postage meter. Larger envelopes are weighed, the class is selected, and the meter tape reflecting the postage is applied to the envelope.

6.     Ms. Williams inputs the client/matter number that is written on each envelope to keep a record of all metered mail. True and accurate copies of the postage recorded for client/matter number 44070.0002 on May 1, 2007, May 21, 2007, and July 13, 2007 are attached as Exhibits A, B, and C.

7.     After 7 p.m. every day, a mailroom employee delivers all outgoing mail to the Brentwood Post Office located at 900 Brentwood Road, NE, Washington, DC 20066.

8.     Any mail that is returned to Williams & Connolly is delivered by Ms. Williams or one of her co-workers to the person from Williams & Connolly who originally sent the mail. If the sender is not identifiable from the outer envelope, the mail is sent to the Accounting & Finance Department for identification. An e-mail is sent to everyone at Williams & Connolly if the Accounting & Finance Department cannot identify the sender. The undeliverable mail is then sent to the person who identifies himself or herself as the sender.

9.     I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  July 8, 2008

Bobby L. Young

# EXHIBIT A

```
Rpt Dt: Friday  06/27/2008      WILLIAMS AND CONNOLLY        09:56   Page : 1
Pickup Record # :  N/A
                                Shipments History

                     From Date : 05/01/2007 to 05/01/2007


AllCarrC Dept.        AllCarrC                                          #Pc
         Code
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
     0.63 44070.0002     0.63                                            1
     0.87 44070.0002     0.87                                            1
=============================================================================
     1.50                1.50                                            2
=============================================================================
```

# EXHIBIT B

```
Rpt Dt: Friday  06/27/2008     WILLIAMS AND CONNOLLY          10:07   Page :  1
Pickup Record # :  N/A
                              Shipments History

                    From Date : 05/21/2007 to 05/21/2007

AllCarrC Dept.       AllCarrC                                          #Pc
         Code
--------------------------------------------------------------------------------
   0.41 44070.0002    0.41                                              1
================================================================================
   0.41               0.41                                              1
================================================================================
```

# EXHIBIT C

```
Rpt Dt: Friday  06/27/2008     WILLIAMS AND CONNOLLY        10:08   Page :  1
Pickup Record # :  N/A
                                Shipments History

                     From Date : 07/13/2007 to 07/13/2007

AllCarrC Dept.        AllCarrC                                          #Pc
         Code
-----------------------------------------------------------------------------------
     2.96 44070.0002     2.96                                             2
===================================================================================
     2.96                2.96                                             2
===================================================================================
```

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Wilfredo Canales et al., )<br><br>                   Plaintiffs,        )<br><br>         v.                          )<br><br>A.H.R.E., Inc. et al.,        )<br><br>                  Defendants.     ) | Case No. 1:07CV00372 CKK |

## ORDER

Upon consideration of Defendant A.H.R.E., Inc.'s Motion To Set Aside Default

Judgment and Plaintiffs Wilfredo Canales' and Maria Rivera's Opposition to Defendant's

motion, it is this _____ day of _____, 2008, by the United States District Court

for the District of Columbia,

**ORDERED**, that Defendant's Motion To Set Aside Default Judgment is **DENIED.**


_____
Date

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge


cc:

Katherine Leong, Esq. (#492457)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
*Attorneys for Plaintiffs*

Kamal Nawash, Esq.
THE NAWASH LAW OFFICE
1050 17th Street, NW, Suite 1000
Washington, DC 20036
Telephone: (202) 776-7191
Facsimile: (202) 728-1196
*Attorney for Defendant A.H.R.E., Inc.*