IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

WILFREDO CANALES )
)
And )
)
MARIA RIVERA )
)
       Plaintiffs, ) Case Number: 1:07CV00372
Vs. )
)
A.H.R.E., INC., et al )
       Defendant, )

## DEFENDANT A.H.R.E.' INC. REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO SETASIDE JUDGMENT

Plaintiff's opposition to Defendant, A.H.R.E., Inc.'s Motion to Set Aside judgment is perplexing and misleading. Plaintiffs have attached to their opposition an alleged letter to A.H.R.E., Inc. that has never been received by anyone at A.H.R.E., Inc. The Plaintiffs' opposition also provided an inaccurate and false assessment of A.H.R.E. Inc.'s contacts with Plaintiffs which was extremely misleading since there were no contacts whatsoever. Under the nonexistent contacts with Plaintiffs, Defendant A.H.R.E., Inc. could not be held liable for Plaintiffs' lawsuit, either under federal law or the law of the District of Columbia. Defendant A.H.R.E., Inc. would have clearly prevailed against Plaintiffs on the merit of their defenses.

### Background

1. Defendant A.H.R.E., Inc. and its agents have never met Plaintiffs, have never employed them and have never had any contact or contract with the Plaintiffs.

2. A.H.R.E., Inc. is a small family owned remodeling business that has seen its fortunes ruined over the sub-prime mortgage debacle.

3. Over the last two years, A.H.R.E., Inc. has closed its offices, laid off its employees and has been fighting bankruptcy.

4. At about the same time as the decline of A.H.R.E., Inc., Plaintiffs sued their employer, defendant Seong Chong and also sued A.H.R.E., Inc., which had no relationship to Plaintiffs.

5. A.H.R.E., Inc. is owned by Mrs. Helen Kim. Upon learning of the lawsuit, Mrs. Kim informed her husband, Albert Kim, who naively thought he can "*resolve*" the lawsuit by "*explaining the truth*" to Plaintiffs' attorney, Katherine Leong. Mr. Kim explained to attorney Katherine Leong that the Plaintiffs wrongly sued Defendant A.H.R.E., Inc. because A.H.R.E., Inc. has never employed the Plaintiffs and had no contacts with Plaintiffs. A.H.R.E., Inc. explained that the Plaintiffs were employees of Defendant Chong, who received full and fair payment for his services.

6. According to A.H.R.E., Inc., attorney Katherine Leong "tricked" them by requesting that A.H.R.E., Inc. send her proof that full payment was made to Defendant Seong Chong. Upon sending the requested proof, A.H.R.E., Inc. believed it was no longer in the lawsuit because it did NOT receive any further communication from Plaintiff's counsel, Katherine Leong.

7. Defendant A.H.R.E., Inc. did not hear from the Plaintiffs until they attempted to domesticate their default judgment in Virginia.

8. Soon after Defendant A.H.R.E., Inc. learned that a default judgment was entered against them they secured an attorney even though the family owned business was virtually insolvent.

## Argument

I. **THE ORDER OF DEFAULT JUDGMENT WAS SECURED UNDER QUESTIONABLE CIRCUMSTANCES.**

The Plaintiffs in this case managed to secure two default judgments against two separate Defendants which have no contacts with each other. While A.H.R.E., Inc. cannot comment on the default judgment against Defendant Seong Chong, counsel questions whether Defendant Chong received proper notice of the default judgment when Defendant A.H.R.E., Inc. has also not received notice of anything after the complaint.

Nevertheless, Defendant A.H.R.E., Inc. is willing to analyze the matter in the light most favorable to Plaintiffs. As mentioned above, Defendant A.H.R.E., Inc. has closed its offices and laid off its employees due to the economic downturn that brought the construction industry to a halt. It is possible that Plaintiffs sent notices to the wrong address or the communications were not received because of the chaotic situation associated with the closing of A.H.R.E.'s offices and the demise of the family business.

Regardless of why Defendant A.H.R.E., Inc. failed to receive notice of the motion for default judgment or any other type of notice, it remains a fact that Defendant A.H.R.E., Inc. did not receive notice either by fraud, *mistake, inadvertence or excusable neglect*. F.R. Civ.P 60(b). The excusable neglect occurred after A.H.R.E., Inc. communicated with Plaintiffs' attorney and interpreted the communication as having resolved Plaintiffs' lawsuit. Simply put, Defendant A.H.R.E., Inc. believed it was no longer in this case. Even if A.H.R.E.'s belief was unreasonable, it nevertheless was a sincere belief and it would be catastrophic for the default judgment to stand. For two years A.H.R.E. has struggled to avoid bankruptcy with the hope of holding on until the

downturn in the economy turns around. It is not in the interest of any party, including the Plaintiffs for the default judgment to stand.

Consequently, due process, common sense and general fairness require that the motion to set aside judgment be granted and this case be defended on the merit rather than questionable circumstances, mistakes, inadvertence, naive ness and notices that were not sent, sent to the wrong place or simply not received.

## II.    DEFENDENT A.H.R.E. WOULD BE VICTORIOUS IF THIS CASE IS JUDGED ON THE MERIT RATHER THAN DEFULT JUDGMENT

Plaintiffs are correct in summarizing the factors that the Courts of the District of Columbia use to determine if someone is an employer and thus liable for the wages of employees. According to *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961), in determining who is an employer, the courts must evaluate *"whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."* Based on the Goldberg test, Defendant A.H.R.E., Inc. could not possibly be considered an employer of Plaintiffs.

Defendant A.H.R.E., Inc. would have easily been victorious if the case was defended on the merit. There was absolutely no relationship between Defendant A.H.R.E., Inc. and Plaintiffs. Defendant A.H.R.E., Inc. did not know the Plaintiffs, did not have a contract with Plaintiffs, never employed the Plaintiffs, had no control over the Plaintiffs, did not have the schedules of the Plaintiffs, did not supervise the Plaintiffs, and did not control nor even knew the pay rate of the Plaintiffs. Defendant A.H.R.E., Inc. simply had no contact whatsoever with Plaintiffs. It is because Defendant A.H.R.E., Inc.

had no contacts with Plaintiffs that A.H.R.E., Inc. believed they could resolve the case by explaining the facts to Plaintiffs' counsel.

The owners of A.H.R.E., Inc. believed that their discussions with Plaintiffs' attorney resolved outstanding issues with Plaintiffs. The family that owns A.H.R.E., Inc. was shocked when they learned that an order of default judgment was issued against their company. Had they known that Plaintiffs were pursuing a default judgment they would have hired a lawyer and successfully defended against Plaintiffs' frivolous and baseless lawsuit. The company means too much to its owners to just ignore a lawsuit.

It is simply illogical and counter productive to conclude that Defendant A.H.R.E., Inc. intentionally neglected this case. If Defendant A.H.R.E., Inc. wanted to neglect this case it would not be trying to set aside the default judgment. Defendant A.H.R.E., Inc. has no significant assets and nothing to fear from a judgment. Defendant A.H.R.E., Inc. wants to defend this case because the accusations against it are simply false and they believe they were "tricked" by Plaintiffs' counsel into thinking they were out of the lawsuit.

This case must be decided on the merit and Defendant A.H.R.E., Inc. preys that this Honorable Court set aside the order of default judgment. There is no prejudice to Plaintiffs by setting aside the default judgment because Defendant A.H.R.E., Inc. has no cash flow or assets. In either case, the Plaintiffs would not collect on their non-meritorious judgment. However, Defendant A.H.R.E., Inc. has a right to defend against and expose Plaintiffs' frivolous, coercive and patently baseless lawsuit. Moreover, the owners of A.H.R.E. want desperately to save their company and after struggling for two year they don't want to give up now.

One of the most significant evidence that Plaintiffs' clam against A.H.R.E., Inc. is baseless is Plaintiffs' very own complaint. A close review of Plaintiffs' complaint clearly shows that no specific allegation is made against A.H.R.E., Inc. The only specific allegations of contacts or anything else in the complaint were made against Defendant Seong Chong but never Defendant A.H.R.E., Inc. This is because Defendant A.H.R.E., Inc. did not know the Plaintiffs, did not have a contract with Plaintiffs, never employed the Plaintiffs, had no control over the Plaintiffs, did not have the schedules of the Plaintiffs, did not supervise the Plaintiffs, and did not control nor even knew the pay rate of the Plaintiffs.

Respectfully submitted,

/x/ Kamal Nawash
Kamal Nawash, Esq. (DC Bar#: 458755)
THE Nawash Law Office
1050 17th St. NW Suite 1 000
Washington, DC 20036
202-776-7191
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

WILFREDO CANALES )
And )
)
)
MARIA RIVERA )
       Plaintiffs, ) Case Number: 1:07CV00372
)
Vs. )
)
)
A.H.R.E., INC., et al )
1002 Heather Hill CT )
Mclean, VA 22101 )
       Defendant, )

### ORDER GRANTING DEFENDANT A.H.R.E., INC.'S MOTION TO SET ASIDE DEFAULT JUDGMENT

Upon consideration of Defendant A.H.R.E., INC.'s motion to Set Aside Default Judgment, it is this _____ day of _____, 2008, by the United States District Court for the District of Columbia,

**ORDERED**, that Defendant's motion to Set Aside the October 17, 2008 default judgment against A.H.R.E, Inc. is **GRANTED** ____;

_____  
Date

_____  
COLLEEN KOLLAR-KOTELLY  
United States District Judge

cc:

Ms. Katherine Leong (492457)  
WILLIAMS 7 CONNOLLOY LLP  
725 Twelfth St. NW  
Washington DC 20005  
(202) 434-5000  
(202) 434-5029 (fax)  
Attorney for Plaintiffs

Kamal Nawash (#458755)  
THE NAWASH LAW OFFICE  
1050 17th Street, N.W., Suite 1000  
Washington, DC 20036  
(202) 776-7191 (voice)  
(202) 728-1196 (fax)  
Attorney for A.H.R.E., Inc.