UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILFREDO CANALES and
MARIA RIVERA

    Plaintiffs,

     v.

A.H.R.E., Inc., *et al.*,

    Defendants.

Civil Action No. 07-372 (CKK)

**MEMORANDUM OPINION**
(October 22, 2008)

This matter comes before the Court on Defendant A.H.R.E., Inc.'s (hereinafter "AHRE"

or "the Corporation") motion to set aside the October 17, 2007 order granting Plaintiffs Wilfredo

Canales and Maria Rivera default judgment in this instant case.  After a thorough review of the

Parties' submissions, the administrative record, applicable case law and statutory authority, the

Court shall deny AHRE's motion for the reasons that follow.

**I: BACKGROUND**

    *A.    Complaint and Summons*

On February 21, 2007, Plaintiffs filed the above-captioned action against AHRE, as well

as against DDI Construction Company, Seong Kun Chong and John Does 1 and 2 (collectively

"Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the

"FLSA"), D.C. Code. §§ 32-1002, *et seq.* (the "D.C. Wage and Hour Law"), and D.C. Code §§

32-1301, *et seq.* (the "D.C. Wage Payment Law").  *See* Compl., Docket No. [1].  Plaintiffs assert

that they were hired by Mr. Chong to perform day labor for AHRE from May 2006 to June 2006.

*Id.*  Plaintiffs further allege that they were hired as "non exempt" employees for purposes of the

FLSA, the D.C. Wage and Hour Law, and the D.C. Wage Payment Law, but that Defendants failed to pay Plaintiffs minimum wage, overtime, and promised wages for labor and services as required under those statutes. *Id.* at ¶¶ 4-6, 11, 39-56. Plaintiffs therefore filed suit seeking damages, attorneys' fees, and costs. *See* Compl.

Mrs. Helen Kim, AHRE's owner and registered agent, was personally served with the Complaint and Summons on February 28, 2007, seven days after the Complaint was filed and well within the 120 day time limit for service, pursuant to Federal Rule 4(m). *See* Plaintiffs.' Opposition to Motion to Set Aside Default Judgment, Docket No. [17], ("Pls.' Opp'n"), Att. 2 (Return of Service); FED. R. CIV. P. 4(m). AHRE does not dispute this. *See* AHRE's Motion to Set Aside Default Judgment, Docket No. [16], ("Def.'s Mot."), Att. 1 (Affidavit of Helen Kim ("Kim Aff.")) (admitting receipt of the Complaint).

B.    *Plaintiffs' Motion for Entry of Default*

Having been properly served with the Summons and Complaint on February 28, 2007, AHRE's response was due no later than March 20, 2007. FED. R. CIV. P. 12(a)(1)(A)(i) (requiring a defendant file an answer within 20 days after being served the summons and complaint). AHRE did not file an answer with the Court by March 20th nor did the Corporation request an extension of time to permit it to provide the necessary response to the Court. Pls.' Opp'n at 2. Accordingly, on May 1, 2007—more than a month after AHRE's answer was due—Plaintiffs moved for entry of default pursuant to Rule 55(a). *Id.*; *see also* Plaintiffs' Motion for Entry of Default, Docket No. [6]. The Clerk of the Court subsequently entered

AHRE's default on May 2, 2007.[1]  Pls.' Opp'n at 2; *see also* Clerk's Entry of Default as to

AHRE, Docket No. [9].

AHRE claims that it did not receive notice of the Plaintiffs' Motion for Entry of Default.

Def.'s Mot. at 2; *see also* AHRE's Reply in Support of its Motion to Set Aside Default Judgment

("Def.'s Reply") at 3.  Indeed, AHRE submitted an affidavit from Mrs. Kim, AHRE's registered

agent, averring that, with the exception of the Complaint and Summons, she did not receive "any

document, pleading, or notices of any motion" in this case.  Kim Aff.  In contrast, Plaintiffs have

submitted sworn affidavits averring that Plaintiffs' counsel mailed copies of the Motion for

Entry of Default, as well as the Motion for Default Judgment (as discussed below, *see infra* 7-8),

to Mrs. Kim via U.S. first-class mail.  *See* Pls.' Opp'n at 10-11; *see also id.,* Att. 1 (Katherine

Leong's Declaration in Support of Opposition to Defendant AHRE's Motion to Set Aside

Default Judgment ("Leong Decl.")); *id.,* Att. 7 (Cathy S. Lavin's Declaration in Support of

Opposition to Defendant AHRE's Motion to Set Aside Default Judgment ("Lavin Decl.")); *id.*,

Att. 8 (Bobby L. Young's Declaration in Support of Opposition to Defendant AHRE's Motion to

Set Aside Default Judgment ("Young Decl.")).

Plaintiffs are correct that "[p]roof that mail matter is properly addressed, stamped and

deposited in an appropriate receptacle has long been accepted as evidence of delivery to the

addressee."  *Legille v. Dann*, 544 F.2d 1, 5 (D.C. Cir. 1976).  The D.C. Circuit, however, has

emphasized "that the presumption is rebuttable."  *Id.* ("If the opponent does offer some evidence

---

[1]Plaintiffs also moved for default against Defendant Chong, based on Mr. Chong's failure
to respond to the present lawsuit.  *See* Plaintiffs.' Motion for Entry of Default, Docket No. [6].
The Clerk of the Court entered default against Defendant Chong on May 2, 2007.  *See* Clerk's
Entry of Default as to Chong, Docket No. [8].

to the contrary (sufficient to satisfy the judge's requirement of some evidence), the presumption

disappears as a rule of law, and the case is in the (factfinder's) hands free from any rule.").

AHRE has provided Mrs. Kim's affidavit averring that she never received any notice, and the

Court finds this sufficient evidence to rebut the presumption of delivery.  "On a motion for relief

from the entry of . . . a default judgment, all doubts are resolved in the favor of the party seeking

relief."  *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980).  Because all doubts are resolved

in AHRE's favor, the Court shall assume, for purposes of this Memorandum Opinion, that

AHRE did not receive notice of the Motion for Entry of Default.

     C.     *Communications Between Mr. Kim and Plaintiffs' Counsel*

          1.     *May 11, 2007 Letter From Mr. Kim to Plaintiffs' Counsel*

On May 11, 2007, nine days after the entry of default against AHRE, Mr. Albert

Kim—Mrs. Kim's husband—responded for the first time to the lawsuit by writing a letter to

Plaintiffs' counsel, Ms. Katherine Leong.  *See* Def.'s Mot., Ex. 1 (May 11, 2007 Letter From Mr.

Kim to Plaintiffs' Counsel ("May 11, 2007 Letter")).  Mr. Kim did not provide any similar

response to this Court.

     The letter, in pertinent part, states as follows:

> After some difficulty we have located Mr. Seong Kun Chong and he has signed a
> hand-written agreement (witnessed by one of our employees that work with Mr.
> Chong at the Embassy) to pay Mr. Wilfredo Canales and Ms. Maria Rivera for
> working for Mr. Chong at the Embassy project in Washington.  Please know that Mr.
> Canales and Ms. Rivera did not work directly for our company at this project and Mr.
> Chong was paid in full for the work that he and his employees did at the Embassy
> project.

*Id.*  The letter also states that a copy of AHRE's agreement with Mr. Chong, as well as copies of

the checks from AHRE to Mr. Chong for the work rendered, were enclosed with the letter.  *Id.*[2]
Although the letter was written on AHRE's letterhead, the letter does not inform a reader who
Mr. Kim is, what official role, if any, he has with the Corporation, or whether Mr. Kim possessed
authority to speak on behalf of AHRE.  *See id.*  Neither is it clear from the record now before the
Court what Mr. Kim's official role is with the Corporation.  Although AHRE appears to indicate
that Mr. Kim is a co-owner of the Corporation, along with his wife, *see* Def.'s Mot. at 4,
AHRE's briefing does not clarify Mr. Kim's official position, if any, at AHRE or whether he has
any authority to act on behalf of the Corporation.

AHRE claims that Mr. Kim sent the May 11, 2007 letter in response to a request by
Plaintiffs' counsel for proof that the Corporation paid Defendant Chong in full.  Def.'s Mot. at 2,
4; Def.'s Reply at 2.  Plaintiffs dispute this allegation.  *See* Pl.s' Opp'n at 3.  Upon review of the
record, the Court finds that nothing in the May 11, 2007 letter itself indicates that it was sent at
the request of Plaintiffs' counsel, s*ee* May 11, 2007 Letter, and AHRE has not provided any
other evidence indicating that Plaintiffs' counsel requested proof of payment from AHRE or that
Plaintiffs' counsel engaged in any discussions or communications with AHRE prior to May 11,
2007.  Moreover, although AHRE broadly references "discussions," "contacts," and/or
"communications" between Mr. Kim and/or Mrs. Kim and Plaintiffs' counsel, AHRE provides
no evidence that any such communications (other than the May 11, 2007 letter) occurred.  *See*
Def.'s Mot. at 2, 4; Def.'s Reply at 2, 5.  In contrast, Plaintiffs have submitted a sworn
declaration, provided under penalty of perjury, from Ms. Leong declaring that she did not engage

---

[2] The Court notes that no enclosures were attached to the letter provided to the Court as
Exhibit 1 to AHRE's Motion to Set Aside Default.

in any communication with AHRE, other than the May 11, 2007 letter and her response (as

discussed below, *see infra* 6-7).  Leong Decl. at ¶ 7.  The Court therefore finds that there is no

evidence to support AHRE's allegations that Mr. Kim sent the letter at the request of Plaintiffs'

counsel or that Mr. Kim and/or Mrs. Kim had any discussions or communications with

Plaintiffs' counsel, other than the May 11, 2007 letter.

> 2.      *May 21, 2007 Letter From Plaintiffs' Counsel to Mr. Kim*

On May 21, 2007, Plaintiffs' counsel mailed a letter to Mr. Kim in response to his May

11, 2007 letter.  *See* Pls.' Opp'n, Att. 4 (May 21, 2007 Letter From Ms. Leong to Mr. Kim

("May 21, 2007 Letter")).  Plaintiffs' counsel informed Mr. Kim that his belated correspondence

did not relieve AHRE of any liability alleged in the Complaint and that Plaintiffs "will be

pursuing entry of default judgment against AHRE."  *Id.*  Plaintiffs' counsel further advised Mr.

Kim to "seek independent legal counsel to advise you of your legal options in this matter."  *Id.*

AHRE contends that it did not receive this letter from Plaintiffs' counsel, *see* Def.'s

Reply at 2, a claim Plaintiffs dispute, *see* Pls.' Opp'n at 10-12.  As previously mentioned, AHRE

has submitted an affidavit from Mrs. Kim averring that she has not received any communications

regarding this lawsuit, other than the Complaint.  *See* Kim Aff.  AHRE, however, has not

provided any similar evidence supporting its claim that the letter was not received by Mr. Kim,

the actual addressee.  By contrast, Plaintiffs submitted declarations, sworn under penalty of

perjury, demonstrating that the letter was mailed by Plaintiffs' counsel, in the ordinary course of

business, to Mr. Kim.  *See* Leong Decl.; Lavin Decl.; Young Decl.  Given AHRE's failure to

provide any supporting evidence that Mr. Kim himself did not receive the May 21, 2007 letter,

particularly when contrasted with the sworn declarations provided by Plaintiffs, the Court is

hesitant to find that AHRE has sufficiently shown it did not receive the letter from Plaintiffs'

counsel.  However, because the Court must resolve "all doubts . . . in the favor of the party

seeking relief," *Jackson*, 636 F.2d at 836, the Court shall assume for the purposes of this

Memorandum Opinion that neither Mr. Kim nor anyone else at AHRE received the May 21,

2007 letter from Plaintiffs' counsel.

   Nonetheless, even accepting AHRE's claim that it never received a response, the record

shows—and AHRE does not dispute—that the Corporation made no efforts to follow-up on Mr.

Kim's letter or to confirm the status of the lawsuit either by communicating again with Plaintiffs

or by checking the public court docket.  *See* Pls.' Opp'n at 1-5.

   D.   *Plaintiffs' Motion for Default Judgment*

   On July 13, 2007, having heard nothing further from AHRE, Plaintiffs filed a Motion for

Default Judgment pursuant to Rule 55(b).  Pls.' Opp'n at 3; *see also* Plaintiffs' Motion for

Default Judgment, Docket No. [10].  AHRE claims that it did not receive notice of the Plaintiffs'

motion.  Def.'s Mot. at 3; Def.'s Reply at 3; Kim Aff.  Resolving any doubts in favor of AHRE,

the Court shall again assume that the Corporation did not receive notice.  *See supra* 3-4.

Nevertheless, the record shows that the Corporation was properly served with the Complaint,

and was therefore aware of the lawsuit, as is further evidenced by Mr. Kim's reference to this

matter (by case number) in his May 11, 2007 letter.  *See* Kim Aff.; May 11, 2007 Letter.

   More than three months after Plaintiffs filed their Motion for Default Judgment, AHRE

had still not entered an appearance or filed a responsive pleading with the Court.  *See* Pls.'

Opp'n at 3, 4-5.  Therefore, on October 17, 2007, the Court granted Plaintiffs' Motion for

Default Judgment against AHRE for: (1) unpaid wages in the amount of $2,005 with respect to

Plaintiff Canales and $794 with respect to Plaintiff Rivera, for a total of $2,799; (2) liquidated

damages, pursuant to D.C. Code § 32-1303(4), in the amount of $2,005 with respect to Plaintiff

Canales and $794 with respect to Plaintiff Rivera, for a total of $2,799; and (3) litigation costs

and reasonable attorney fees, pursuant to D.C. Code § 32-1308(b) and 29 U.S.C. § 216(b), for

$946.56 and $15,535 respectively.  10/17/07 Order, Docket No. [14].  No appeal from this Order

was made, and AHRE did not file any response with the Court.  *See* Pls.' Opp'n at 3, 4-5.

       E.        *AHRE's Motion to Set Aside Default Judgment*

       On February 26, 2008, Plaintiffs proceeded to domesticate their judgment in Fairfax

County, Virginia, as the first step toward collecting on the default judgment by attaching

AHRE's property in Virginia.  *Id.* at 3-5.  Almost two and a half months later, on May 8, 2008,

the Fairfax County Circuit Court held a debtors' examination in that case, at which point AHRE

raised *for the first time* the possibility that it might seek to vacate the default judgment entered

by this Court more than six months previously.  *Id.*  AHRE, however, did not file a motion to set

aside the default judgment until another month and a half later, on June 25, 2008—more than 15

months after its response to Plaintiffs' Complaint was due and more than eight months after

default judgment was ordered against it.  *Id.*  Even then, AHRE failed to file a verified answer

with its Motion to Set Aside Default Judgment, as is explicitly required under LcvR 7(g) ("A

motion to vacate an entry of default, or a judgment by default, or both, shall be accompanied by

a verified answer. . . .").  *See* Def.'s Mot.  AHRE did not file a verified answer until July 16,

2008.  *See* AHRE's Answer, Docket No. [18].

       AHRE's Motion to Set Aside Default Judgment is now pending before this Court.

AHRE argues that the default judgment should be set aside under Rule 60(b)(1), (3), and/or (6).

Def.'s Mot. at 3.  Although AHRE's briefing on the current motion is less than ideal, providing a perfunctory analysis of its arguments with almost no reference to the relevant case law, it appears that AHRE makes three primary arguments.  First, AHRE contends that its failure to respond to the lawsuit is the result of  mistake and/or excusable neglect because Mr. and Mrs. Kim believed that their "discussions" and "communications" with Plaintiffs' counsel had resolved AHRE's liability in the lawsuit.  *See* Def.'s Mot. at 4 ("The owners of A.H.R.E., Inc. mistakenly believed that their discussions with Plaintiffs' attorney resolved outstanding issues with Plaintiffs."); *see also id.* at 2 ("Mr. Kim thought he [could] resolve the lawsuit by contacting Plaintiffs' attorney, Katherine Leong, and informing her that the Plaintiffs sued the wrong Defendant because A.H.R.E., Inc. has never employed the Plaintiffs, and never contracted the Plaintiffs."); Def.'s Reply at 3 ("The excusable neglect occurred after A.H.R.E., Inc. communicated with Plaintiffs' attorney and interpreted the communication as having resolved Plaintiffs' lawsuit.").  Second, AHRE argues that the default judgment should be set aside because AHRE was "'tricked" by Plaintiffs' counsel into thinking that AHRE would be dismissed from the lawsuit if Mr. Kim followed Ms. Leong's instructions and sent her proof that AHRE had paid Mr. Chong in full.  Def.'s Reply at 5.  Third and finally, AHRE asserts that it failed to respond to Plaintiffs' Motion for Default Judgment because the Corporation did not receive notice of that motion "either by fraud, mistake, inadvertence or excusable neglect."  *Id.* at 3; *see also* Def.'s Mot. at 3.  The Court will examine each of these arguments in turn.

## II: LEGAL STANDARDS

Although an entry of default may be set aside under Rule 55(c) for good cause shown, "a default that has become final as a judgment can be set aside only under the stricter rule 60(b)

standards for setting aside final, appealable orders." *Jackson,* 636 F.2d at 835.  Accordingly, a

motion to set aside a default judgment is governed by Federal Rule of Civil Procedure 60(b),

which provides, *inter alia*, as follows:

> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment order, or proceeding for the following reasons [*inter alia*]:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; . . .
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party; . . . or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  In considering whether a default judgment should be set aside under Rule

60(b)(1), (3) or (6), a court should consider the following three criteria:[3] (1) whether the default

was willful; (2) whether setting aside the default judgment would prejudice the plaintiff; and (3)

whether the defendant has alleged a meritorious defense.  *Jackson*, 636 F.2d at 836.  Although

"strong policies favor resolution of disputes on their merits," default judgments are available

> when the adversary process has been halted because of an essentially unresponsive
> party.  In that instance, the diligent party must be protected lest he be faced with
> interminable delay and continued uncertainty as to his rights.  The default judgment
> remedy serves as such protection.

*Id.* at 836 (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689,

691 (D.C. Cir. 1970)).  The decision whether to set aside a default judgment is left to the sound

---

[3]These criteria should be considered by a court when evaluating motions for relief from a
default judgment pursuant to all provisions of Rule 60(b), save motions to set aside default for
voidness under Rule 60(b)(4).  Unlike the other five sections delineated under Rule 60(b),
60(b)(4) does not require consideration of the *Jackson* criteria.  *See Combs v. Garin Trucking*,
825 F.2d 437, 441 (D.C. Cir. 1987); *see also Mobern Elec. Co. v. Walsh*, 197 F.R.D. 196, 199
(D.D.C. 2000) ("When reviewing motions made pursuant to all sections of Rule 60(b) except
60(b)(4), courts evaluate [the] three [*Jackson*] factors . . .").

discretion of the trial court.  *Id.* at 835.

### III: DISCUSSION

        A.      *Mistake, Inadvertence or Excusable Neglect Under Rule 60(b)(1)*

AHRE attempts to excuse its failure to respond to this lawsuit by directing the Court's attention to two instances of "mistake," "inadvertence" and/or "excusable neglect" that it believes justifies setting aside the default judgment under Rule 60(b)(1).  First, AHRE contends that it failed to respond to the lawsuit because Mr. and Mrs. Kim believed, either mistakenly or by excusable neglect, that their "discussions" and "communications" with Plaintiffs' counsel had resolved AHRE's liability in the lawsuit.  *See* Def.'s Mot. at 2, 4; Def.'s Reply at 3.  Second, AHRE argues that it failed to respond to Plaintiffs' Motion for Default Judgment because the Corporation did not receive notice of that motion "either by . . . mistake, inadvertence or excusable neglect."  *Id.* at 3; *see also* Def.'s Mot. at 3.

At the outset, the Court notes that, as already discussed above, there is no evidence to support AHRE's allegations that Mr. or Mrs. Kim, or anyone else at AHRE, engaged in any "discussions," "contacts" or "communications" with Plaintiffs' counsel, other than the May 2007 letters.  *See supra* 5-6.  Accordingly, to the extent AHRE contends that there is mistake or excusable neglect based upon its "mistaken[] belie[f] that [AHRE's] *discussions* with Plaintiffs' attorney resolved outstanding issues with Plaintiffs," Def.'s Mot. at 4 (emphasis added), AHRE's argument fails.  Similarly, there is no evidence to support AHRE's allegations that Mr. Kim sent his May 11, 2007 letter at the request of Plaintiffs' counsel.  *See supra* 5-6.  Accordingly, to the extent that AHRE contends that there is a mistake or excusable neglect based upon its belief that the Corporation would be dismissed from the lawsuit if it complied with the *instructions* of

Plaintiffs' counsel, AHRE's argument fails.  Nevertheless, because all doubts should be resolved in favor of AHRE as the party seeking relief, the Court shall construe AHRE's references in its briefing to "communic[ations]" and "contacts" with Plaintiffs' attorney as referring to Mr. Kim's May 11, 2007 letter.  Accordingly, the Court shall assume that AHRE argues mistake or excusable neglect under Rule 60(b)(1) based upon its belief that Mr. Kim's *letter* to Plaintiffs' counsel resolved any outstanding issues with Plaintiffs in this lawsuit.

          1.     *Willfulness*

"The boundary of willfulness lies somewhere between a case involving a negligent filing erorr, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable." *Int'l Painters & Allied Trade Union & Indus. Pension Fund v. H.W. Ellis Painting Co.*, 288 F. Supp. 2d 22, 26 (D.D.C. 2003) (citing *Gucci Am., Inc. v. Gold Center Jewelry,* 158 F.3d 631, 634 (2d Cir. 1998)); *see also Whittaker v. District of Columbia*, 228 F.R.D. 378, 380 (D.D.C. 2005).  "A finding of bad faith is not a necessary predicate to the conclusion that a defendant acted 'willfully.'" *Int'l Painters*, 288 F. Supp. 2d at 26 (citing *Gucci*, 158 F.3d at 635).  After examining the relevant case law, the Court agrees with Plaintiffs that AHRE's failure to respond to the lawsuit for more than a year and three months after its answer was due, and more than eight months after default judgment was ordered, is properly characterized as willful.

First, AHRE offers *no* reason why it failed to timely file an answer with the Court by March 20, 2007, the date on which AHRE's answer was due.  AHRE claims that it failed to respond to the lawsuit because Mr. and Mrs. Kim mistakenly believed Mr. Kim's letter to Plaintiffs resolved the Corporation's liability in this lawsuit, but that letter was not sent until

May 11, 2007—more than a month and a half after AHRE's answer was due and more than a week after default had been entered.  *See* Pls.' Opp'n at 4-5.  Similarly, AHRE blames its failure to respond on the fact that it allegedly did not receive notice of either Plaintiffs' Motion for Entry of Default or the Motion for Default Judgment—but again, both motions were filed well after AHRE's answer was due.  *See id.*  Neither excuse therefore explains why AHRE failed to timely file an *answer* with this Court or otherwise respond to the lawsuit prior to the Entry of Default, and AHRE has not proffered any alternative reasons to explain its failure to file a response, as it was legally obligated to do.  Absent any such explanation, the Court can only conclude that the Corporation's delay in filing an answer was willful.

Second, although AHRE's reliance on Mr. Kim's letter could potentially explain the Corporation's continuing failure to respond to the lawsuit *after* May 11, 2007, the Court finds that AHRE's "naive"[4] belief that Mr. Kim's letter terminated AHRE's liability in the lawsuit is not the type of "mistake" or "neglect" excused under Rule 60(b)(1).  AHRE argues, in essence, that it was ignorant of its legal obligation to file an answer because it believed the matter could be resolved through informal communications with Plaintiffs' counsel.[5]  However, a defendant's

---

[4]Although AHRE characterizes the Corporation as "naive" in legal matters, the Court would note that AHRE's own website shows that AHRE has been incorporated since 1986 and has conducted projects domestically throughout Northern Virginia, the District of Columbia, and Baltimore, Maryland, as well as internationally in locations such as the Port of Spain, Guam, Trinidad and Tobago, Indonesia, South Korea, China, Tanzania, Angola, and Kenya—facts AHRE does not dispute.  *See* Pls.' Opp'n at 9 (citing AHRE's website).

[5]AHRE states that its belief that the letter from Mr. Kim terminated the Corporation's involvement in this case was "sincere."  Def.'s Reply at 3.  Although the Court need not make a finding of bad faith to conclude that AHRE acted willfully, *see Int'l Painters,* 288 F. Supp. 2d at 26, the Court notes that it has serious doubts that AHRE's reliance on a single unanswered letter—written by one of the Corporation's owners, rather than an attorney as required for a corporation in court matters, and sent after default had already been entered against AHRE—to

reliance on informal communications with a plaintiff, even when the communications are made

in an effort to resolve the parties' dispute, does not excuse a defendant from "fulfil[ling] its

responsibilities to the Court." *See Int'l Painters*, 288 F. Supp. 2d at 26-27 (defendant's reliance

on ongoing settlement negotiations with plaintiff is not an excuse for its failure to respond to the

court). Mr. Kim's letter to Plaintiffs did not provide AHRE with any basis to ignore its legal

obligations to file an answer with this Court. *See id.* Put simply, "[i]gnorance of one's legal

obligations does not constitute the type of 'mistake' or 'neglect' that Rule 60(b)(1) excuses."

*Mazengo v. Mzengi*, 542 F. Supp. 2d 96, 99 (D.D.C. 2008). This is particularly true here, where

the suit is against the Corporation, not Mr. or Mrs. Kim as individuals. *See* Compl. Perhaps

such ignorance and "naivete" would be viewed more leniently if the defendant was an

inexperienced individual representing himself *pro se*, but that is not the case at hand. Indeed, it

is well established that AHRE, as a corporation, must be represented by counsel. *Rowland v.

Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two

centuries . . . that a corporation may appear in the federal courts only through licensed

counsel."); *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule

is well established that a corporation is an artificial entity that can act only through agents,

cannot appear *pro se*, and must be represented by counsel."). AHRE admits that it "was not

represented by an attorney at any point since the filing of this case," Kim Aff., but offers no

explanation why it failed to retain counsel to advise on the Corporation's liability in this matter.

---

absolve it of all liability in this case was in good faith. AHRE's reliance on this lone
communication is particularly troubling, given that a representative of the Corporation could
have easily checked the public court docket to confirm whether AHRE had, in fact, been
dismissed from the lawsuit.

Absent any explanation to the contrary, the Court can only conclude that AHRE's decision not to file an answer through counsel with this Court was done either willfully or in ignorance of the law, neither of which is a permissible excuse under Rule 60(b)(1) for the Corporation's failure to respond to this lawsuit.

Third and finally, even assuming AHRE did not receive notice of the Plaintiffs' Motion for Entry of Default and Motion for Default Judgment, as it claims, AHRE offers no reason why it failed to check the public court docket to confirm the status of the case against it or, more importantly, why it failed to promptly file its Motion to Set Aside Default Judgment upon actual notice of the judgment. The Corporation admits that it was aware that Plaintiffs domesticated the default judgment against AHRE in Fairfax County Circuit Court in Virginia, Def.'s Mot. at 2; Def.'s Reply at 2, yet AHRE offers *no* explanation why it did not file its Motion to Set Aside Default Judgment until June 25, 2008, four months after the judgment was domesticated in Virginia on February 26, 2008. Again, absent any explanation to the contrary, the Court can only conclude that AHRE's delay in filing its Motion to Set Aside Default Judgment was willful.

AHRE's repeated and continuing failure to promptly respond to this lawsuit adds up to more than inadvertence, mistake or excusable neglect. The Corporation does not dispute that it was properly served with the Complaint and Summons in this case on February 28, 2007, and has therefore been aware of the instant lawsuit since that date. *See* Kim Aff. Nonetheless, AHRE failed to provide any response to this Court for more than fifteen months after its answer was due. *See* Pls.' Opp'n at 4-5. It was only after Plaintiffs began efforts to collect the default judgment from AHRE, by domesticating the judgment in Virginia on February 26, 2008, that AHRE expressed any intent to respond to this lawsuit. *Id.* at 3-4. Yet AHRE delayed another

four months after the judgment against it was domesticated before filing its Motion to Set Aside Default Judgment with this Court. *Id.* Even then, AHRE failed to file a verified answer, as is explicitly required under LcvR 7(g) ("A motion to vacate an entry of default, or a judgment by default, or both, shall be accompanied by a verified answer. . . ."). *See* Def.'s Mot. Absent any explanation for the Corporation's continued delay, the Court finds that AHRE's failure to respond was willful.

### 2.    *Prejudice to Plaintiffs*

The second factor under *Jackson* requires a court to examine "whether a set-aside would prejudice plaintiff." *Jackson*, 636 F.2d at 836. AHRE states that it is currently "fighting bankruptcy" and is "virtually insolvent." Def.'s Reply at 2. Based on this admission, AHRE claims that Plaintiffs will suffer no prejudice if the default judgment is set aside because Plaintiffs would not be able to collect the default judgment from the Corporation anyway, given its current financial distress. Reply at 2, 5. This argument is patently illogical. To the contrary, the fact that the Corporation is now "virtually insolvent" counsels against setting aside the default judgment at this late stage given that Plaintiffs' "likelihood of a successful recovery [is] diminish[ing] rapidly with the passage of time." *Gillespie v. Capitol Reprographics, LLC*, No. 06-2175, 2008 WL 3983258, at *7 (D.D.C. Aug. 29, 2008) (finding plaintiff would be prejudiced by setting aside a default judgment where defendant admitted that it was placed in receivership and was fighting off foreclosure).[6] This is particularly true here, where Plaintiffs

---

[6]The Court notes that AHRE's co-Defendant, Mr. Chong, filed a Suggestion of Bankruptcy with this Court, indicating that Mr. Chong filed for bankruptcy on June 8, 2007. Docket No. [15]. Plaintiffs' likelihood of successfully recovering from AHRE's co-Defendant is therefore significantly diminished, as well.

have already domesticated the default judgment against AHRE in the Fairfax Circuit County Court. *See id.* (that plaintiffs had already registered their judgment further showed that plaintiffs would be prejudiced if the default judgment was set aside, given the defendant's alleged insolvency). Rather than prove that Plaintiffs would suffer no prejudice, AHRE's own admission of its current financial difficulties demonstrates the opposite—that a decision setting aside the default judgment at this late stage would significantly prejudice Plaintiffs. Having willfully delayed action until the Corporation is, by its own admission, "virtually insolvent," AHRE cannot now take advantage of its current financial difficulties to deny Plaintiffs recovery.

Plaintiffs further dispute AHRE's claim that Plaintiffs would not be prejudiced by a set-aside, arguing that an order setting aside the default judgment would harm Plaintiffs' ability to prosecute this case on the merits at this late date. Specifically, Plaintiffs contend that there is an increased likelihood that certain evidence, such as the attendance sheets Plaintiffs were required to sign as they started and finished work each day, will have been lost or destroyed over the passage of time, and that key witnesses may no longer be available. Pls.' Opp'n at 14-15. Although "delay in and of itself does not constitute prejudice," the dangers associated with such delay, such as a loss of evidence and increased difficulties in discovery, do establish prejudice to plaintiffs. *Capital Yacht Club v. Vessel Aviva*, 228 F.R.D. 389, 393-94 (D.D.C. 2005) (internal quotation marks omitted) (citing *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 15 (1st Cir. 2003)). The Court agrees that AHRE's delay has likely increased the difficulty of locating key witnesses and evidence, particularly given AHRE's admission that the current situation at the Corporation is "chaotic," and that it has "closed its offices and laid off its employees." Def.'s Reply at 3. Because AHRE's willful delay has diminished both Plaintiffs'

ability to prosecute this case on the merits and Plaintiffs' likelihood of successful recovery, the

Court finds that a decision setting aside default judgment at this late stage would substantially

prejudice Plaintiffs.

> 3.      *Meritorious Defense*

AHRE is also required, under *Jackson*, to assert a meritorious defense that may be proven

at trial, although the Corporation need not actually prove the defense in its Motion to Set Aside

Default Judgment. *Whelan v. Abell*, 48 F.3d 1247, 1259  (D.C. Cir. 1995).  AHRE contends that

it would have "successfully defended against Plaintiffs' lawsuit" because AHRE never employed

Plaintiffs. Def.'s Mot. at 4; *see also* Def.'s Reply at 4-5.  The Corporation is correct that it

cannot be liable under the FLSA, the D.C. Wage and Hour Law and the D.C. Wage Payment

Law if it did not "employ" the Plaintiffs, as defined by those statutes.  *See Ivanov v. Sunset Pools

Management, Inc.,* 567 F. Supp. 2d 189, 194-96 (D.D.C. 2008) (because defendant did not

employ plaintiffs, it could not be liable under the FLSA); *see also* D.C. Code §§ 32-1002 *et seq.*

(imposing liability on "employers" for failure to pay overtime and/or minimum wage); D.C.

Code §§ 32-1301 *et seq.* (imposing liability on "employers" for payment of wages).

Accordingly, even though AHRE  provides only a superficial analysis of its claim that it did not

employ Plaintiffs, AHRE's assertion is sufficient to satisfy the third *Jackson* criteria.

> 4.      *The Jackson Criteria, On Balance, Do Not Warrant Setting Aside Default
>         Judgment*

The Court finds that the *Jackson* criteria, on balance, counsel against setting aside the

default judgment in this case.  AHRE has offered no reason why it failed to timely file an answer

in this case, nor has AHRE adequately explained why it delayed more than fifteen months after

notice of this lawsuit before finally filing a response with this Court.  Moreover, given the

increased difficulty in prosecuting this case at this late stage and the diminished likelihood that

Plaintiffs will be able to collect on the judgment against AHRE, Plaintiffs would be substantially

prejudiced by an order setting aside the default judgment now, more than a year and a half after

having filed their Complaint.  Although AHRE has, in passing, asserted a meritorious defense,

the Court finds that it does not sufficiently outweigh the willful delay by AHRE and the

prejudice Plaintiffs would incur if the default judgment was set aside:

> In sum, while there is some possibility that [the defendant's] defenses will provide
> adequate, [the defendant's] unexplained delay in responding to plaintiffs' complaint
> renders the balance of the equities on the issue of default far more precarious. . . .
> [and the] substantial prejudice [to plaintiffs] tips the balance . . . in plaintiffs' favor
> . . . .

*Whelan*, 48 F.3d at 1259-60 (vacating district court's order setting aside entry of default under

the more lenient "good cause" standard because the defendant's willful delay and prejudice to

plaintiffs counseled against a set-aside, even though defendant had asserted a meritorious

defense).  Consequently, the Court finds in its discretion that, upon consideration of the three

*Jackson* criteria, AHRE has not shown that the default judgment should be set aside.

> B.      *Fraud under Rule 60(b)(3)*

AHRE also argues that the default judgment should be set aside under Rule 60(b)(3) for

two reasons.  First, AHRE claims that Mr. and Mrs. Kim were "'tricked' by Plaintiffs' counsel

into thinking they were out of the lawsuit."  Def.'s Reply at 5.  Second, AHRE contends that it

failed to respond to Plaintiffs' Motion for Default Judgment because the Corporation did not

receive notice of the motion as a result of "fraud."  Def.'s Reply at 3.   However, "[i]n order to

prevail under Rule 60(b)(3), the moving party must establish fraud or misconduct . . . by clear

and convincing evidence."  *Bennett v. United States*, 530 F.  Supp. 2d 340, 341 (D.D.C. 2008);

19

*see also Johnson v. Holway*, No. 03-2513, 2008 WL 3201877, at *1 (D.D.C. Nov. 6, 2006)

(same); *Nederlandsche Handel-Maatschappij, N.V. v. Jay Emm, Inc.,* 301 F.2d 114, 115 (2d Cir.

1962) (affirming district court's refusal to set aside default judgment under Rule 60(b)(3)

because the "fraud or misrepresentation alleged must be shown by clear and convincing

evidence").   AHRE has not provided *any* evidence—other than its own unsubstantiated

allegation—that Plaintiffs engaged in fraudulent conduct.  To the contrary, the record before the

Court demonstrates that Plaintiffs have been forthright in their compliance with their legal

obligations in this lawsuit.  For example, the May 21, 2007 letter from Plaintiffs' counsel

demonstrates that Plaintiffs attempted to advise Mr. Kim that they did not believe his letter

relieved AHRE of liability and that Plaintiffs were proceeding forward with default judgment

against the Corporation.  *See* May 21, 2007 Letter.  Although AHRE claims not to have received

the letter, Plaintiffs have presented sworn declarations, which AHRE has not rebutted, averring

that the letter was written and mailed to AHRE.  *See* Leong Decl.; Lavin Decl.; Young Decl.

The fact that Plaintiffs sent this letter to Mr. Kim intending his receipt contradicts AHRE's

claims that Plaintiffs meant to "trick" the Corporation into believing it was dismissed from the

lawsuit.  Additionally, although AHRE speculates that Plaintiffs fraudulently prevented the

Corporation from receiving notice of the Motion for Default Judgment, Plaintiffs provided sworn

declarations establishing that Plaintiffs' counsel mailed notice of both the Motion for Entry of

Default and the Motion for Default Judgment to AHRE via first class U.S. Mail.  *See* Leong

Decl.; Lavin Decl.; Young Decl.  Moreover, an AHRE representative could have checked the

court docket available to the public to determine if the lawsuit had been dismissed.  The Court

therefore finds that AHRE has not provided sufficient evidence of fraud that warrants setting

aside the default judgment under Rule 60(b)(3).

Moreover, even assuming that AHRE had shown fraud by clear and convincing evidence, AHRE's claim that the default judgment should be set aside pursuant to Rule 60(b)(3) would fail nonetheless.  As discussed above, in determining whether a default judgment should be set aside under any of Rule 60(b)'s provisions—with the exception of Rule 60(b)(4), which provides relief if the judgment is void—a court considers the three *Jackson* factors.  As discussed above, these factors do not warrant setting aside the default judgment in this case.  *See supra* at 12-19.

C.      *"Extraordinary" Circumstances Under Rule 60(b)(6)*

AHRE also argues, in passing, that the default judgment should be aside pursuant to Rule 60(b)(6).  Under this provision, a court may alter a final judgment, "upon such terms as are just," for "any other reason justifying relief from the operation of the judgment."  FED. R. CIV. P. 60(b)(6).  "Although the language of this residual clause is essentially boundless—giving it the potential to envelop completely the principal of finality—the Supreme Court has held that it applies only to 'extraordinary' situations."  *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988) (quoting *Ackermann v. United States*, 340 U.S. 193, 202 (1950)); *cf Klapprott v. United States*, 335 U.S. 601 (1949) (holding that a default judgment stripping the petitioner of citizenship was properly vacated pursuant to Rule 60(b)(6) when the petitioner, at the time of the default judgment, had been in prison, facing both health and financial hardships, and was not represented by counsel).  The D.C. Circuit "has cautioned that it 'should be only sparingly used.'" *Twelve John Does,* 841 F.2d at 1140 (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)).  Additionally, in determining whether relief is appropriate under Rule 60(b)(6), the party seeking such relief must demonstrate that he or she

was faultless in the delay. *Lightfoot v. District of Columbia*, 555 F. Supp. 2d 61, 71 (D.D.C.

2008).  Here, not only has AHRE failed to provide any evidence whatsoever of the type of

"extraordinary" circumstances that warrant relief under Rule 60(b)(6), but, as discussed above,

the Corporation cannot show that it was faultless in the delay.  *See supra* at 12-15.  Accordingly,

the Court finds that AHRE has not shown that relief under Rule 60(b)(6) is warranted.

## IV:  CONCLUSION

For the foregoing reasons, the Court shall DENY Defendant AHRE's Motion to Set

Aside Default Judgment.  An appropriate Order accompanies this Memorandum Opinion.

 Date:  October 22, 2008


/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge